Pittsburgh, Appellant, *v.* McNeil.

Argued April 29, 1959. Before Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

*Regis C. Nairn,* Assistant City Solicitor, with him *David Stahl,* City Solicitor, for City of Pittsburgh, appellant.

*John B. Nicklas, Jr.,* with him *Linn V. Phillips, Jr.,* and *McCrady & Nicklas,* for appellees.

OPINION PER CURIAM, May 28, 1959:

The adjudication filed in this case on July 8, 1958, by Judge SOFFEL of the Court of Common Pleas of Allegheny County states, inter alia:

"The plaintiff, City of Pittsburgh, complains of defendants' failure to have approved and recorded a plan or plat of subdivision of certain property owned by the defendants in the 20th Ward of the City of Pittsburgh prior to selling and transferring five lots out of the whole parcel, and asks the Court to enjoin the sale or transfer by the defendants of the one lot or parcel of ground remaining in possession of the defendants.

"In 1927, the Legislature established a Planning Commission for the City of Pittsburgh by the Act of 1927, May 13, P. L. 1011, as amended by the Act of June 12, 1931, 53 P.S. §22762 et seq. In 1947, the said Planning Commission, pursuant to the authority of the aforesaid Act, made and adopted a master plan for the City of Pittsburgh in which one of the main arteries or radials for traffic to and from the City of Pittsburgh passes through the said property, now or formerly owned by the defendants. Plaintiff avers that the defendants, during the years in question, owned a 12.25 acre parcel of ground situated entirely within the confines of the 20th Ward of the City of Pittsburgh. Although fully cognizant of the existence and requirements of the City Planning Commission and its master plan, and of the existence of the statute and its requirements, and after numerous conferences with the

City Planning Commission regarding the approval of the subdivision planned by the defendants, the said defendants, during the years 1953, 1954 and 1955 sold four lots out of the said 12.25 acre tract to four separate purchasers and transferred one other lot, apparently without consideration, to another grantee. In so doing the defendants acted in violation of the said Act of 1927, supra. The defendants have never secured approval of the City Planning Commission for the plan of subdivision which they have implemented, nor have they submitted a final tracing of their plan of subdivision in accord with the requirements of the statute.

"This case involves, inter alia, the constitutionality of the Act of May 13, 1927, P. L. 1011, as amended, 53 P.S. §22762 et seq., creating an executive department in cities of the second class to be known as the Department of City Planning and a City Planning Commission, and conferring upon them certain powers and duties. It is our opinion that this act is constitutional.

"In the instant case, the defendants were required by said act to secure approval prior to the sale of any lots from a subdivision by the City Planning Commission of the plat of land owned by them in the 20th Ward of the City of Pittsburgh and to record it in the Recorder's Office of Allegheny County, Pennsylvania. During the years 1953, 1954 and 1955, the defendants transferred and sold certain lots or parcels of ground out of their twelve acre tract without having first secured the approval of the Planning Commission and without recording said plat. The transfer of any lot or parcel of ground in a subdivision as defined by the Statute without a plat of the subdivision having been approved by the City Planning Commission and recorded in the Recorder's Office of the County may be enjoined by a Court of Equity. Said Statute also pro-

vides for a civil action to recover penalties. These provisions are in the alternative. The City, to enjoin the defendants from transferring any lots out of their remaining parcel of land, instituted an action for penalties and now seeks an injunction.

"This suit is brought to enjoin the defendants from selling or agreeing to sell any lots from land now owned by them in the 20th Ward of the City of Pittsburgh. No evidence has been presented that any such sale is contemplated. While it is true the defendants previously failed to observe the requirements of the Act, that in itself is not sufficient to authorize an injunction to issue now. We believe this action is premature. We are convinced that the defendants should reopen negotiations with the City Planning Commission for the purpose of having their plan approved. We believe that honest efforts were made in the past to secure approval, and failure to attain this lies in part in the dilatory tactics of the Planning Commission. The defendants acted in good faith and informed the Commission of pending sales of property while awaiting approval of their plan. Then they acted in violation of the Statute.

"The fact that this action is prematurely brought disposes of this case.

"We shall not consider questions raised by the defendants as to the location or Radius 14 and compensation for an alleged taking of the defendants' land, which are extraneous to this proceeding. The question of compensation for an alleged taking of defendants' property is a matter that must be referred to the Board of Viewers. This Court has no jurisdiction in this matter to award compensation.

"The injunction requested by the plaintiff will be refused.

"CONCLUSIONS OF LAW

"1. The Act of May 13, 1927, P. L. 1011, as amended by the Act of June 12, 1931, 53 P.S. 22762 et seq. is constitutional.

"2. In failing to secure approval of a plat of their land by the Planning Commission, and to record same in the Recorder's office of Allegheny County before selling lots from said plat as required by Statute, the defendants violated its provisions.

"3. The Statute gives plaintiff the right to enjoin a transfer or sale or agreement to sell by action for injunction brought in a Court of Equity or to recover penalty by a civil action in a court of competent jurisdiction. This remedy is in the alternative.

"4. The plaintiff failed to proceed by injunction while transfer or sale of lots by the defendants from their original plat was pending. An injunction will not issue to enjoin a sale of lots where the sale has been consummated.

"5. The plaintiff recovered penalties in a civil action against said defendants.

"6. The instant action is premature insofar as it seeks to apply to a future transfer of lots from defendants' plat, there being no evidence that any sales are contemplated.

"7. The questions of the precise location of Radial Route 14 and compensation for an alleged taking of defendants' land are extraneous to these proceedings.

"8. The Court does not have jurisdiction over the defendants.

"9. An injunction will be refused."

On February 13, 1958, the court entered the following decree:

"AND NOW, to-wit, Feb. 13, 1958, it is hereby ordered, adjudged and decreed that:

"(1) Plaintiff's exceptions to the Chancellor's 10th, 11th, 15th and 18th Findings of Fact are dismissed.

"(2) That plaintiff's exceptions alleging that the Adjudication is against the law, the evidence, the weight of the law, the weight of the evidence, and that the court erred in holding that the action of the plaintiff was premature, are likewise dismissed.

"It is further ordered, adjudged and decreed that the Chancellor's Adjudication consisting of Findings of Fact, Discussion, Conclusions of Law and Decree Nisi, filed July 8, 1958, be affirmed and that the plaintiff's complaint be dismissed."

This decree is affirmed on the adjudication of the court. Costs on appellant.