## Commonwealth of Pennsylvania *v.* Edward H. Fisher, Appellant.

26

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*L. Waldo Herritt,* for appellant.

*Charles E. Zaleski,* with him *Shearer, Mette & Woodside,* and *George L. Orwig, II,* Assistant County Solicitor, for appellee.

OPINION BY JUDGE MENCER, January 16, 1976:

Appellant, Edward H. Fisher, was convicted on November 12, 1974 of violating the Lycoming County Subdivision and Land Development Ordinance (Ordinance), a misdemeanor. He appeals to this Court from the orders of the Court of Common Pleas of Lycoming County finding him guilty and sentencing him to pay a fine of $200 and the costs of prosecution. He alleges that

the Ordinance is unconstitutional under both the United States and Pennsylvania Constitutions. He further alleges that the lower court erred in interpreting the Ordinance in such a fashion as to prohibit his actions in transferring a portion of his property.

The Ordinance in question reads in pertinent part:

"9.04 SANCTIONS

Any person, partnership, or corporation who or which being the owner, or agent of the owner of any lot, tract or parcel of land . . . sells, transfers or agrees or enters into an agreement to sell any land in a subdivision or land development *whether by reference to or by other use of a plat of such subdivision or land development* or otherwise, or erects any building thereon, unless and until a final plat has been prepared in full compliance with the provisions of this act and of the regulations adopted hereunder and has been recorded as provided herein, shall be guilty of a misdemeanor, and upon conviction thereof, such person, or the members of such partnership, or the officers of such corporation, or the agent of any of them, responsible for such violation shall pay a fine not exceeding one thousand dollars ($1000) per lot or parcel or per dwelling within each lot or parcel." (Emphasis added.)

This Ordinance is substantially the same as the enabling legislation, Section 515 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10515.[1]

The appellant owned approximately 100 acres of land in Lycoming County bordering on Township Route 641.

---

1. Appellant makes much of the fact that the words "or otherwise" were added by the County after the original phrase in Section 515 "whether by reference to or by other use of a plat of such subdivision." Since our decision rests partially on the fact that a plat *was* used, the difference is of no moment in this case.

On January 14, 1974, he conveyed two parcels of that tract to his son, Edward H. Fisher, Jr. On the same date, there was a reconveyance of the identical parcels to appellant by his son. Appellant did not seek approval of a plat as required by the Ordinance which was in effect at the time of the transfers.

Appellant alleges first that he has neither made a subdivision nor transferred land "by reference to or other use of a plat" in the transfer of January 14, 1974; therefore, he contends that his actions do not violate the Ordinance. Appellant has, by this allegation, called into question the definitions of "subdivision" and "plat." Section 107 of the MPC, 53 P.S. §10107, defines "subdivision":

"(21)   'Subdivision,' the division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, transfer of ownership or building or lot development: Provided, however, That the division of land for agricultural purposes into parcels of more than ten acres, not involving any new street or easement of access, shall be exempted."

Appellant's action in carving out the two plots of land was clearly within the definition of "subdivision" in the enabling legislation.[2] Section 107 also defines "plat":

"(16)   'Plat,' the map or plan of a subdivision or land development, whether preliminary or final."

The statute does not require that the plans be formal to constitute a plat.

---

2. The courts of this Commonwealth, unlike those of our neighboring state, Ohio, have not distinguished between a "subdivision" (the landowner's division of a small piece of land from a larger tract) and "subdividing" (dividing an entire parcel of land into smaller lots represented on a drawing known as a plat). *See McKain v. Toledo City Plan Commission*, 26 Ohio App. 2d 171, 270 N.E. 2d 370 (1971).

In the case at bar, the record indicates that appellant had entered into an exclusive listing contract with a real estate agent on December 17, 1973 for the sale of the two previously surveyed parcels in question. Appellant's own testimony indicates that he showed the real estate agent "plans of drawings" of the land prior to the listing. The same land shown in those plans was the land transferred to appellant's son on January 14, 1974. While the mere listing of the real estate could not constitute a violation, it is sufficient to establish the necessary "other use of a plat" to satisfy the Ordinance in relationship to the January 14 transaction. These facts distinguish the case at bar from *Commonwealth v. Tapley,* 10 Pa. D.&C. 2d 392 (1956), on which appellant relies.

Appellant next alleges that the Ordinance is invalid as an arbitrary restraint on the freedom to use his land and violates the Fourteenth Amendment of the United States Constitution, as well as Article I, Section 1 of the Constitution of Pennsylvania. Although it is clear that a property owner may still use his property as he sees fit, he must not, among other things, violate reasonable regulations controlling the use of his property under the police power. *Cleaver v. Board of Adjustment,* 414 Pa. 367, 200 A. 2d 408 (1964) ; *Lord Appeal,* 368 Pa. 121, 81 A. 2d 533 (1951); *George Calantoni & Sons, Inc. v. Board of Supervisors,* 6 Pa. Commonwealth Ct. 521, 297 A. 2d 164 (1972). Whether the exercise of police power to regulate health, safety, morals, and general welfare in a given instance outweighs private rights is largely a matter of degree. *Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393 (1922). In balancing these interests, we must remember that, like all legislation, ordinances are presumed to be constitutional, and a heavy burden is placed on the one seeking to challenge the constitutionality of an ordinance. *Bilbar Construction Company v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A. 2d 851 (1958) ; *Borough of Tarentum v. Sadecky,* 16 Pa.

Commonwealth Ct. 163, 329 A. 2d 328 (1974). We are satisfied on this record that appellant has not carried the burden of proving that the Ordinance is invalid. Moreover, the Pennsylvania Supreme Court in *Pittsburgh v. McNeil*, 396 Pa. 73, 151 A. 2d 596 (1959), has upheld as constitutional a statute (Act of May 13, 1927, P. L. 1011, *as amended*, 53 P.S. §22761 et seq.) similar to the Ordinance in question. Such ordinances are, in our view, reasonable attempts to regulate the health, safety and general welfare under the police power.[3] The Ordinance does not unduly interfere with one's right to use or alienate his land. Moreover, Section 508 of the MPC, 53 P.S. §10508, as well as judicial review, provides adequate safeguards in the event of arbitrary actions by a municipality or county planning board in refusing to approve a plat. *See, e.g., Brauns v. Swarthmore Borough*, 4 Pa. Commonwealth Ct. 627, 288 A. 2d 830 (1972).

Order affirmed.

---

3. Similar provisions have been upheld in other states. *See generally* cases collected at 62 C.J.S. *Municipal Corporations* §83, especially notes 68-70.