Township of Hampden, Cumberland County, Pennsylvania *v.* William B. Tenny and Shirley A. Tenny, Appellants.   (2 Cases)

Argued September 13, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*William B. Tenny,* with him *Shirley A. Tenny,* appellants, for themselves.

*Robert D. Myers,* with him *Myers & Potteiger,* for appellee.

Opinion by President Judge Bowman, November 3, 1977:

This opinion consolidates two appeals brought by William B. Tenny and Shirley A. Tenny (Tennys) which arose from a legal dispute between the Tennys and the Township of Hampden (Township) located in Cumberland County.

The Tennys, after receiving Township approval for the subdivision of land, sold several lots from their plan without completing all of the improvements which they agreed to make as a precondition to Township approval of the subdivision plan. The Tennys refused to pave a certain segment of a road in the plan causing the Township to perform the work at a cost to the Township of $3,909.31. On November 22, 1974, the Township filed a complaint in assumpsit against the Tennys in the Court of Common Pleas of Cumberland County to recover this amount. The action was commenced pursuant to Section 511 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10511, and Hampden Township Ordinance No. 14.

The Tennys, in propria persona, filed an answer containing new matter to the Township complaint and the Township filed a reply to the new matter on January 6, 1975. On February 18, 1976, the Township filed a petition for appointment of arbitrators since the amount involved was within the compulsory arbitration limit. Section 8.1 of the Act of June 16, 1836, P.L. 715, *as amended*, added by Section 1 of the Act of January 14, 1952, P.L. (1951) 2087, *as amended*, 5 P.S. §30 (Arbitration Act). On the same date the Tennys filed preliminary objections to the Township's petition for appointment of arbitrators.

On February 19, 1976, the lower court entered an order directing the case to arbitration and appointing three members of the board of arbitration. The chairman of this board gave approximately 30 days advance notice to both the Tennys and the Township of the hearing date. The hearing was scheduled for April 26, 1976. On that date the Tennys failed to appear. The Township presented its evidence to the board of arbitrators and they entered an award in favor of

the Township and against the Tennys in the amount of $3,909.31.

On May 14, 1976, the Tennys filed an appeal from the award of the arbitrators under Section 27 of the Arbitration Act, 5 P.S. §71. In addition thereto, on May 17, 1976, the Tennys filed a petition to set aside the award of the arbitrators, as is permitted under Section 26 of the Arbitration Act, 5 P.S. §57. The Township filed an answer to Tennys' petition to set aside the award of the arbitrators. The Tennys then filed preliminary objections to the Township's answer. On July 23, 1976, the lower court considered all pleadings with respect to the arbitration proceeding. The Tennys neither presented oral argument nor a brief to support their petition to have the arbitrators' award set aside.

The lower court on August 2, 1976, dismissed the Tennys' petition to set aside the arbitration award. The lower court reasoned that the arbitrators' award, in effect, had been set aside by the Tennys' de novo appeal of that award. The court stated that the award was no longer viable and, therefore, the petition to set it aside was superfluous. On August 23, 1976, the Tennys filed an appeal in this Court at 1441 C.D. 1976 from the lower court's dismissal of their petition to set aside the award of the arbitrators.

While the Tennys' appeal at 1441 C.D. 1976 was pending in this Court, the lower court proceeded to hear the de novo appeal from the arbitration award. The lower court held a pre-trial conference on September 9, 1976. The Tennys failed to appear at the scheduled conference. The case was listed for jury trial on September 27, 1976. Prior to the trial, the Tennys filed an application for stay of the jury trial, a motion to strike, and a petition to dismiss for lack of jurisdiction. Prior to the commencement of jury selection on September 27, the lower court dismissed

the aforementioned pleadings as meritless and also concluded that the pending Commonwealth Court appeal did not act as a supersedeas staying the jury trial. The Tennys appeared in court on the day of the trial but refused to participate in the jury selection and they presented no evidence during the course of the trial. The Tennys did, however, cross-examine one of the Township witnesses.

The jury returned a verdict in favor of the Township in the amount of $3,909.31.

On October 4, 1976, the Tennys filed post-trial motions. The Tennys then failed to appear at the oral argument on their motions and filed no brief. The Tennys' post-trial motions were denied by the court and judgment was entered on the jury verdict. The Tennys then perfected their second appeal to this Court at No. 490 C.D. 1977.

As to the first appeal filed in this Court, the lower court's order of August 2, 1976, was not an appealable order and must be dismissed. Furthermore, the proceedings below leading to the issuance of that order were vitiated by the action of the Tennys in appealing therefrom pursuant to Section 27 of the Arbitration Act, 5 P.S. §71. Nor was it an appealable order, even though interlocutory, as the Tennys were not effectively precluded from further proceedings on the merits in the court below. Indeed, in filing an appeal from the arbitration award, they exercised their right and fully preserved their position to have the matter fully litigated in the court below.[1]

We now consider the Tennys' appeal from the final order of the lower court, dated February 3, 1977.

---

[1] We note that had the Tennys not perfected an appeal de novo of the arbitrators' award pursuant to Section 27 of the Arbitration Act, 5 P.S. §71, the denial of their petition to set aside the arbitrators' award would have constituted an appealable final order. The award of a board of arbitrators, if not appealed in accordance

The Tennys attempted to stay the de novo trial by filing an application for stay of the proceedings with the lower court. The Tennys argued that their appeal at 1441 C.D. 1976 acted as a supersedeas. As we have already concluded, that appeal was from an interlocutory order and since the order was interlocutory, the Tennys should have sought a discretionary appeal (appeal by permission) pursuant to Section 501(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.501 (b), and Chapter 13 of the Pennsylvania Rules of Appellate Procedure. Under Pa. R.A.P. 1313, a petition for permission to appeal shall not stay the proceedings in the lower court unless the appellate court or the lower court orders a stay. In the present case, neither did the Tennys perfect an interlocutory appeal by permission nor did this Court or the lower court stay the proceedings. Since there was no stay of the lower court proceeding, the lower court was correct in entertaining the jury trial on the de novo appeal.

Notwithstanding the failure of the Tennys to file briefs or appear at arguments upon their several post-trial motions, the court below nevertheless considered and disposed of them in its opinion supporting the order from which the appeal to 490 C.D. 1977 was taken. As one can readily observe upon a perusal of these post-trial pleadings, this was no simple task as they are, charitably speaking, inarticulate. Our task on review is no less difficult although we do have the benefit of briefs. It would appear from both the statement of questions raised on appeal and their supporting briefs that the Tennys are here attempting to

with the Arbitration Act, has the effect of a final judicial verdict upon which a judgment may be entered (Section 34.1 of the Arbitration Act, *as amended,* added by Section 1 of the Act of June 13, 1957, P.L. 302, *as amended,* 5 P.S. §58.1).

raise new issues not preserved below either by their failure to participate in the trial below or by procedural deficiencies in preserving suit issues. For example, as we understand their brief, the Tennys here, for the first time, assert that the statute of frauds bars the cause of action asserted by plaintiff, an issue we do not perceive to have been raised below. In any event, we are equally convinced that it wholly lacks merit even if preserved for appeal. Similarly, we are equally at loss to understand how appellants contend that their constitutional property or due process rights have been violated either on the merits of the cause of action or the procedural rights available to them, exercised or not, in the trial below. If, as they may possibly assert, their constitutional property rights have been violated by the applicable provisions of the MPC incident to which their subdivision plan was approved conditioned upon the street improvements, this too is without merit.

Local ordinances regulating land development, enacted pursuant to the MPC, are reasonable attempts under the police power to safeguard the health, safety and general welfare of the public and are not constitutionally invalid. *Commonwealth v. Fisher,* 23 Pa. Commonwealth Ct. 25, 350 A.2d 428 (1976). Under Sections 508 and 509 of the MPC, 53 P.S. §§10508-9, the Tennys are bound to complete the improvements shown on their subdivision plan. The legislative requirements imposing the duty upon a subdivider to construct all improvements shown on his approved plat are not unconstitutional. Where a landowner agrees, as a precondition to approval of his subdivision plan, that certain improvements be included in the development of the property, we believe that a statute such as Section 511 of the MPC, 53 P.S. §10511, which provides for reimbursement to the municipality for completing those improvements upon failure or

308

refusal by the developer to do so, is a reasonable provision for the regulation of land use development and within the police power.

We have considered the other arguments and contentions raised by the Tennys and find them to be without merit.

ORDER

AND Now, this 3rd day of November, 1977, the orders of the Court of Common Pleas of Cumberland County are hereby affirmed.