Edward H. Fisher, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Edward H. Fisher,* for himself, appellant.

*Charles F. Greevy, III,* Assistant County Solicitor, for appellee.

OPINION BY JUDGE BLATT, May 16, 1980:

Edward H. Fisher (appellant) was convicted on February 26, 1979 of violating the Lycoming County Subdivision and Land Development Ordinance (Ordinance), a misdemeanor. He appeals to this Court from an order of the Court of Common Pleas of Lycoming County sentencing him to pay a fine of $650.00 and the costs of prosecution. He alleges that the Ordinance is unconstitutional and that his right to a speedy trial was violated.

The Ordinance in question reads in pertinent part:

9.04 SANCTIONS

> Any person, partnership, or corporation who or which being the owner, or agent of the owner of any lot, tract or parcel of land . . . sells, transfers or agrees or enters into an agreement to sell any land in a subdivision or land development whether by reference to or by other use of a plat of such subdivision or land development *or otherwise,* or erects any building thereon, unless and until a final plat has been prepared in full compliance with the provisions of this act and of the regulations adopted hereunder and has been recorded as provided herein, shall be guilty of a misdemeanor, and upon conviction thereof, such person, or the members of such partnership, or the officers of such corporation, or the agent of any of them, responsible for such violation shall pay a fine not exceeding one thousand dollars ($1000) per lot or parcel or per dwelling within each lot or parcel. (Emphasis added.)

With the exception of the portion italicized above, this Ordinance has the same wording as the enabling legislation, Section 515 of the Pennsylvania Municipalities Planning Code (MPC).[1] The appellant here had conveyed 8.8 acres of his land to the Transcontinental Gas Pipeline Corporation, and he made this conveyance without the prior approval of the Lycoming County Planning Commission (Planning Commission) as required by the Ordinance.

The appellant argues first that his action was not in violation of the Ordinance because he did not subdivide his land with ''reference to or by other use of a plat.'' The Ordinance however does not require reference to or use of a plat to establish a violation, rather it clearly states that the subdivision may not be made ''with reference to a plat . . . or otherwise.''

The appellant further contends that to extend liability under this section to those instances where there is no plat is unconstitutional because it constitutes an arbitrary restraint on his freedom to use his land and is therefore an unreasonable exercise of the county's police power. He bears a heavy burden, of course, in challenging the constitutionality of the Ordinance, for there is a presumption that such legislation is constitutional. *Borough of Tarentum v. Sadecky*, 16 Pa. Commonwealth Ct. 163, 329 A.2d 328 (1974). In fact, in a prior case where this same appellant challenged the constitutionality of this same Ordinance, we held that ''[w]hether the exercise of police power to regulate health, safety, morals, and general welfare in a given instance outweighs private rights is largely a matter of degree.'' *Commonwealth v. Fisher*, 23 Pa. Commonwealth Ct. 25, 29, 350 A.2d 428, 430, and we believe that the government's interest in ensuring that land not be used or developed in

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10515.

a manner adverse to the environment or the public at large is sufficient to justify the exercise of its police power. We are satisfied, moreover, that the record here, as it was in the appellant's prior challenge to the Ordinance, *Fisher, supra,* is sufficient to indicate that he has failed to sustain his burden of proving the unconstitutionality of the Ordinance.

The appellant alleges next that he was not brought to trial within 180 days as required by Pa. R. Crim. P. 1100. The record here shows that the criminal complaint, which commenced the running of the time period, was filed on October 18, 1977. On January 26, 1978, the case was called for trial and a jury was selected. Prior to the swearing in of the jury, however, on January 27, 1978, the appellant requested a continuance for the purpose of raising certain constitutional issues, and a continuance was granted by the Court until "after October 16, 1978." On October 12, 1978, the Supreme Court denied the appellant's petition regarding the constitutional issues and on October 31, 1978 the Supreme Court refused reconsideration of its prior decision. Thereafter the trial was scheduled to continue during the January 1979 term of Court. Due to the unavailability of the specially presiding Judge, however, the trial was not continued until February 26, 1979. It is the appellant's position that, because the time period from October 18, 1978 to February 26, 1979 was in excess of 180 days (even excluding that portion of the delay attributable to his motion for continuance), the charges against him must be dismissed. He made this same argument in his motion for mistrial and, in the common pleas judge's opinion denying the motion, the judge concluded that, for the purposes of Rule 1100, the trial had commenced on January 26, 1978. This, of course, was only 100 days after the filing of the complaint and therefore well within the mandatory limits. We reach the same

408

conclusion and must also reject the appellant's argument. The record is clear that the case was called and the jury was selected on January 26, 1978 and our Supreme Court has held that such action constitutes the commencement of trial for the purposes of Rule 1100. *See Commonwealth v. Martin*, 479 Pa. 609, 388 A.2d 1361 (1978).

The order of the court below is therefore affirmed.

ORDER

AND Now, this 16th day of May, 1980, the judgment of sentence against Edward H. Fisher by the Court of Common Pleas of Lycoming County is hereby affirmed.