## Board of Supervisors of Liberty Township v. Charnita, Inc.

*Gary E. Hartman,* for plaintiff.
*Kenneth Lee Rotz,* for defendant.

SPICER, *P.J.,* March 13, 1984—This case involves some rather unusual facts and issues and is presented under the provisions of 20 Pa. C.S. §8301 et seq. As everyone knows, those provisions are the reenacted versions of the Revised Price Act and are part of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S. §101 et seq. Chapter 83 of that code empowers common pleas courts to authorize the sale, mortgage, lease, or exchange of real property held by corporations with no capacity to convey or where legal title is otherwise inalienable.

Petitioner is the Board of Supervisors of Liberty Township and the case involves real estate situated within that township. The petition alleges the following facts.

Persons named Morgan conveyed a tract of land to a corporation called Charnita, Inc. on December 17, 1969. An 85.21 acre portion of this tract was designated by Charnita as section AD on a subdivision plan.

Charnita obtained another tract from persons named Weishaar on December 31, 1969. A 63 acre portion of this tract was designated by Charnita as section AE on its subdivision plan.

This subdivision plan was submitted to plaintiff and was approved. The complaint does not allege but it is undoubtedly true that a number of lots were sold by Charnita after this approval.

A citizens group appealed the approval to this court. On March 15, 1974, an order was entered by the Honorable Clinton R. Weidner, specially presiding, reversing approval and directing that "no land development shall be made, including streets, sanitary sewers, storm sewers, water mains, or other improvements in connection therewith, except in accordance with . . . subdivision regulations."

The order plainly stated that the township's approval was reversed but said nothing about either past or future conveyances.

Some time after the order, Charnita filed for bankruptcy. Although no formal order of discharge has ever been entered, the corporation has ceased to function and to exist, except in perhaps a technical sense.

Several lot owners filed answers to the petition. Others filed preliminary objections. Those objections raised two challenges to the township's action. The owners claimed the township had no interest in the case and no capacity to sue. Also contended was that the land held by individual lot owners is not inalienable. The owners concede they cannot build upon or develop their properties because of the court order, but could sell and convey.

It became apparent that the test of inalienabiltiy would involve the effect of the township's subdivision ordinance. If conveyances by Charnita were void because violative of the regulations, there would be no individual lots, only a large tract still owned by a defunct corporation. If the conveyances were not void, future sales of those lots cannot be said to be a subdivision since that occurred when Charnita conveyed.

Generally, contracts, the performance of which violate a law, are void and unenforceable. 17 Am Jur 2d contracts § 165, Dippel v. Brunozzi, 365 Pa. 264,

74 A.2d 112 (1950). Even so, a part of that rule is:

"Where a contract is found to be against public policy "it cannot, under any circumstances, be made the basis of a cause of action. The law when appealed to will have nothing to do with it, but will leave the parties just in the condition in which it finds them. If they have fully executed their unlawful contract, the law will not disturb them in possession of what each has acquired under it ." Id. at 267, 74 A.2d at 114.

Pennsylvania courts have enforced contracts involving collateral on relatively insignificant illegalities. Contractor Industries v. Zerr, 241 Pa. Super. 92, 359 A.2d 803 (1976). See also, O'Brien v. O'Brien Steel Construction Co., 440 Pa. 375, 271 A.2d 254 (1970); Shafer v. A.I.T.S., Inc., 285 Pa. Super. 490, 428 A.2d 152 (1981).

These cases and the general law in the area concern disputes between the parties to a contract. The present case involves something entirely different and, perhaps, much more serious. The issue, narrowly framed, is whether a municipality can, in the absence of allegations that the public welfare is affected, void a completed contract which apparently conformed to subdivision regulations at performance but which actually violated those regulations.

The issue of standing and entitlement to relief are closely associated in this case.

There is no doubt that subdivision regulations relate directly to public welfare. 53 P.S. §10105. The Township has a genuine concern in this area and a right to see that its regulations are enforced. Commonwealth v. Fisher, 23 Pa. Commw. 25, 350 A.2d 428, cert. denied 429 U.S. 1026, 50 L.Ed.2d 629, 97 S. Ct. 649 (1976). There would seem to be little doubt that the township would ordinarily have

standing when enforcement of its regulations are involved. Shohola Township Board of Supervisors v. Bishop, 279 Pa. Super. 313, 421 A.2d 215 (1980).

There appears to be a split in authority concerning whether violations of subdivison regulations, without more, voids a transfer of real estate. See Failure of Vendor to Comply with Statute or Ordinance Requiring Approval or Recording of Plat Prior to Conveyance of Property as rendering Sale Void or Voidable, 77 A.L.R.3d 1058 (1977). Some of the cases in other jurisdictions which appear to hold that conveyances in violation of such regulations are void actually deal with unperformed contracts and don't necessarily hold conveyances to be void. For example, it was said in Smith v. Bach, 183 Cal. 259, 191 P. 14 (1920) that conveyances violating land regulations concerning recordation of a map, were void. However, in commenting on the California Rule, a federal court stated:

"Where contracts for the sale of real estate in California or Hawaii are not in compliance with respective laws, the contracts are regarded as void or voidable . . ." In re Los Angeles Land and Investments, Ltd., 282 F. Supp. 448, 451 (D. Hawaii 1968) aff'd 447 F.2d 1366 (9th Cir. 1971).

A reading of the collected cases in 77 A.L.R.3d, supra, beginning on page 1060, could lead one to conclude that grantees in the "void" jurisdiction can declare the conveyances void. None of these cases involve municipalities as parties and the holdings probably could more accurately be described as classifying the conveyances as voidable.

Other jurisdictions hold conveyances in violation of restrictions not to be void. These decisions seem to involve statutory construction of the particular statute or law. In Montagna v. Marston, 24 Md. App. 354, 330 A.2d 502 (1975) the Maryland Court

viewed statutory authorization to enjoin conveyances as a legislative determination that such conveyances were not void. The North Carolina supreme court found criminal penalties to indicate a legislative determination that such penalties were the sole consequence of conveyance, Marriott Financial Services, Inc. v. Capitol Funds, Inc., 288 N.C. 122, 217 S.E.2d 551 (1975).

The Municipalities Planning Code is silent as to remedies for violations other than providing criminal penalties, 543 P.S. §10515.

Given the real and significant interest the township has in orderly development within its boundaries, we cannot hold that criminal penalties afford the only remedy for subdivision violation. We think that the township has the standing to maintain actions to enforce those regulations. In proper cases, conveyances could be voided.

This is not such a case. There have been no allegations that public welfare is being affected by the inalienability of the land, assuming it to exist. In the absence of such allegations, we hold that the township lacks standing and has failed to state a cause of action.

The township, furthermore, should be held to a standard of fairness. As matters are alleged, one would conclude that it was the township's improper approval which prompted the conveyances in the first place. If these conveyances were thought to adversely affect the public welfare, the matter should have been addressed promptly. It does not appear fair to this court that the township accepted the wording of the 1974 order, allowed lot owners to maintain their lots and pay their taxes for some ten years and now argues that the conveyances were void ab initio.

We can also understand that time and conditions change. The township cannot be said to be estopped from enforcing its regulations. If it can allege and prove that general welfare requires that the conveyances be voided, we think it would be entitled to relief. A plan would have to be worked out to effect equity or to minimize inequity.

In the event the township can allege facts which would justify this action in the public interest, we will allow the opportunity to do so.

## ORDER OF COURT

And now, this March 13, 1984, the preliminary objections are sustained. Plaintiff shall have 20 days to file an amendment to its complaint or an amended complaint.