522 A.2d 1173

John J. Nalbone, Jr., and Louis J. Nalbone, Appellants *v.* Borough of Youngsville, Appellee.

John J. Nalbone, Jr., and Louis J. Nalbone, Appellants *v.* Borough of Youngsville, Appellee.

Argued October 9, 1986, before Judges BARRY, COLINS (P) and PALLADINO, sitting as a panel of three.

*Carl N. Moore, Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for appellants.

*Joseph C. Barnhart, Altomare, Barnhart & Rockwell,* for appellee.

*William J. Kubiak, McDowell, McDowell, Wick and Daly,* for amicus curiae, Pennsylvania Oil and Gas Association.

OPINION BY JUDGE COLINS, March 16, 1987:

John J. Nalbone, Jr. and Louis J. Nalbone (appellants) are property owners in the Borough of Youngsville, Pennsylvania (Borough). Appellants intended to drill oil and/or gas wells upon their property but were prevented from doing so by the operation of two ordinances enacted by the Borough as amendments to the existing zoning ordinance. The first ordinance, entitled the Youngsville Oil and Gas Development Permit Ordinance (Ordinance No. 456), required all persons to obtain a conditional use permit for the "drilling, fracturing, shooting and other treatment" of oil and/or gas wells. The second ordinance (Ordinance No. 457) desig-

nated an "oil production district" on the official zoning map of the Borough required compliance with the provisions of Ordinance No. 456 for oil and/or gas production in this district.

On June 12, 1985, appellants challenged the validity of the above ordinances in the Court of Common Pleas of Warren County, asserting that: (1) the Oil and Gas Act, Act of December 19, 1984, P.L. 1140, 58 P.S: §§601.101-601.605, had preempted the field of oil and gas mine regulation so as to supersede local efforts to so regulate and that (2) the ordinances were confiscatory and thus unconstitutional because they effectively acted to deprive appellants of their property without due process of law. Appellants' Motion for Summary Judgment was denied by the trial court and the court, upon its own motion,[1] granted summary judgment for the Borough. The trial court determined that the ordinances were a legal exercise of the Borough's police power enacted for the preservation of the health, safety and general welfare of Borough residents and that the restrictions imposed by the ordinances were reasonable and thereby constitutional. Appellants' appeal of that order, as well as their appeal of the trial court's denial of their motion for reconsideration, consolidated for our review,[2] followed.

To uphold the summary judgment, there must be not only an absence of genuine factual issues, but also

---

[1] A court may grant summary judgment on its own motion. See *Reis v. Phillips Products Co.*, 234 Pa. Superior Ct. 508, 341 A.2d 180 (1975).

[2] The refusal of a trial court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal. *Boden v. Tompkins*, 306 Pa. Superior Ct. 494, 452 A.2d 833 (1982). Accordingly, we will quash appellants' appeal of the trial court's denial of their motion for reconsideration.

an entitlement to judgment as a matter of law. Pa. R.C.P. No. 1035(b).

We first consider the appellants' contention that the Oil and Gas Act has preempted the field of oil and gas well development so as to preclude the Borough's regulation in this same area. The legislature has specifically addressed the question of preemption in Section 602 of the Oil and Gas Act, 58 P.S. §601.602, as follows:

> *Except with respect to ordinances adopted pursuant to the act of July 31, 1968 (P.L. 805, No. 247), known as the Pennsylvania Municipalities Planning Code* and the Act of October 4, 1978 (P.L. 851, No. 166), known as the Flood Plain Management Act all local ordinances and enactments purporting to regulate oil and gas well operations regulated by this act are hereby superseded. The Commonwealth, by this enactment, hereby preempts the regulation of oil and gas wells as herein defined. (Emphasis supplied.)

The statute appears to be a strong articulation of legislative intent to preserve local regulation of oil and gas well operations upon compliance with the provisions of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1958, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

Appellants have not pointed to any specific provision of the MPC allegedly violated by the Borough in enacting the subject ordinances. *See, e.g., Borough of Edgeworth v. MacLeod,* 72 Pa. Commonwealth Ct. 122, 456 A.2d 682 (1983), wherein an ordinance was contested upon the ground of the Borough's alleged failure to comply with the notice and hearing requirements of Sections 608 and 609 of the MPC, 53 P.S. §§10608, 10609. We take appellants' challenge to the ordinances *sub judice* to be that they are not, in substance, zoning ordinances, but are rather an attempt by the Borough

to regulate an area preempted by the comprehensive provisions of the Oil and Gas Act.

"Under the MPC, which our Supreme Court has characterized as 'the Legislature's mandate for the unified regulation of land use and development,' " *Id.* at 124, 456 A.2d at 684, *quoting Gary D. Reihart, Inc. v. Township of Carroll*, 487 Pa. 461, 466, 409 A.2d 1167, 1170 (1979), zoning ordinances may "prohibit, regulate, restrict and determine" uses of land and bodies of water, areas of land to be occupied by uses and structures, and population density, and may "provi[de] for the protection and preservation of natural resources and agricultural land." Section 603 of the MPC.

Section III of Ordinance No. 456 clearly enunciates the Borough's purposes in enacting same as follows:

The general purpose of this ordinance is to provide for the health, safety, welfare and environment of the residents and their property in the Borough of Youngsville, and to provide the procedure for the issuance of conditional use permits to enable oil and gas wells to be drilled and placed in production in a safe manner with the utmost regard for protection of the existing Borough of Youngsville public water supply wells and the fresh ground water which supplies those wells.

This statement indicates that Ordinance No. 456 was enacted to regulate land use, which, as we have previously noted, is one of the primary purposes of zoning regulations. Moreover, conditional use provisions as detailed in the ordinance are traditional zoning devices. *See* Section 603 of the MPC. Ordinance No. 457 amends a prior zoning regulation addressing the activities of oil production and operation within the Borough. Both ordinances constitute reasonable attempts by the Borough, pursuant to its police power, to safeguard the health, safety and general welfare of its citizens and are

clearly permitted by the MPC. As such, we conclude that both ordinances as enacted are *prima facie* valid. *See Township of Hampden v. Tenny,* 32 Pa. Commonwealth Ct. 301, 379 A.2d 635 (1977).

However, our inquiry does not end here. Even though a zoning ordinance may be validly promulgated under the MPC and may be a proper exercise of the Borough's police powers, it may, in fact, be so restrictive as to be unconstitutional. *See Farrell Appeal,* 85 Pa. Commonwealth Ct. 163, 481 A.2d 986 (1984). The trial court, in granting summary judgment, stated that no genuine issues of fact remained because plaintiffs, herein appellants, were not deprived of their property without due process of law, in that the restrictions on the exercise of their property rights imposed by the ordinances in question were reasonable. The trial court concluded that the ordinances were not confiscatory or unconstitutional. However, no evidence was ever submitted by either party concerning whether the zoning ordinances in question were in fact so restrictive as to constitute a taking of property without due process of law. Appellants specifically stated in their Complaint:

10. The Youngsville Oil and Gas Development Permit Ordinance violates the provisions of the Fifth and Fourteenth Amendments and other provisions of the Constitution of the United States in that it deprives the plaintiffs of their property, without just compensation and due process of law and also of Article I, Section 1 of the Constitution of Pennsylvania, which provides that it is the inherent and indefeasible right of all men to acquire, possess and protect property, and other provisions of the Constitution and laws of the Commonwealth of Pennsylvania.

Because no evidence was submitted on whether, in fact, the appellants' property rights were abridged, there exists a genuine issue of fact which the trial court must resolve.

Accordingly, we reverse the order of the Court of Common Pleas of Warren County granting summary judgment in favor of the Borough, and remand this matter for consideration of the factual issues raised in appellants' Complaint.

## ORDER

AND NOW, March 16, 1987, we hereby reverse the order of the Court of Common Pleas of Warren County at No. 3418 C.D. 1985 granting summary judgment, and remand for consideration of the factual issues alleged within Appellants' Complaint. The appeal at No. 3419 C.D. 1985 is hereby quashed.

Jurisdiction relinquished.

Judge PALLADINO dissents.