550 A.2d 836

Seymour Ruditsky and Harriet Ruditsky, his wife *v.* Victor E. Orben; Chris Wood; Dingman Township, a Municipal Corporation and Charles H. Fetters and Dorothy B. Fetters, his wife and John J. Graber. Victor E. Orben, Appellant.

Argued September 15, 1988, before Judges COLINS and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Robert E. Simpson, Jr., Teel, Stettz, Shimer & Di-Giacomo, Ltd.,* for appellant.

*Raymond P. Kashimba,* for appellees, Seymour & Harriet Ruditsky.

*Anthony R. Sherr,* with him, *William A. Jones, Sherr & Zuckerman, P.C.,* for appellee, Chris Wood.

OPINION BY JUDGE COLINS, November 21, 1988:

Victor E. Orben (appellant) appeals an order from the Court of Common Pleas of Pike County which granted summary judgment in favor of Chris Wood (appellee), sewage enforcement officer for Dingman Township. We affirm.

Appellant was the designer of a sewage disposal system to be installed on property purchased by Seymour and Harriet Ruditsky. Appellant and appellee inspected the property in the summer of 1984. After this inspection, Dingman Township issued a permit to install an on-lot sewage disposal system. After the permit was issued, the Ruditskys purchased the property from Charles and Dorothy Fetters. The Ruditskys then contracted with John J. Graber to begin developing the property. During construction, Graber and appellee agreed on changes in the design and location of the sewage system. Appellant was never informed of these changes. The permit was revoked when it was discovered that the system was within 100 feet of a neighbor's well. Additionally, the location of the well was misstated on the certification accompanying the Ruditskys' application for the permit. The Ruditskys have been unable to use their property since the revocation.

The Ruditskys commenced this action by filing a complaint against the appellant, appellee, and Dingman Township, as well as the Fetters. Graber was eventually joined as an additional defendant. In their complaint, the Ruditskys allege that they purchased the property after Orben's site investigation and a percolation test revealed that the lot was suitable for a sewage system. Appellant filed his answer and new matter, together with a cross-claim against appellee. In the cross-claim, it was alleged that the damage to the Ruditskys' property was caused by the appellee and Dingman Township, not by the appellant.

Dingman Township's preliminary objections to Count III of the Ruditskys' complaint, the only count involving Dingman Township, were granted on November 6, 1984. The basis for dismissing Count III was that under Sections 8541-45 of the Judicial Code (Act), 42 Pa. C. S. §§8541-45, the appellee and Dingman Township were not liable.

On July 23, 1987, appellee filed a motion for summary judgment on Count IV of the Ruditskys' complaint. The trial court's order granting summary judgment on Count IV was entered on December 14, 1987. The basis was that appellee, acting within the scope of his authority as sewage enforcement officer of Dingman Township, could not be held liable because the breach of an implied warranty of fitness for a particular purpose does not fall within the eight enumerated exceptions in Section 8542 of the Act, 42 Pa. C. S. §8542. Orben now appeals that order.

To uphold a grant of summary judgment, there must be not only an absence of genuine factual issues, but also entitlement to judgment as a matter of law. Pa. R.C.P. No. 1035(b); *Nalbone v. Borough of Youngsville,* 104 Pa. Commonwealth Ct. 623, 522 A.2d 1173 (1987). The appellant argues that there exist genuine issues of material fact which should have precluded the trial court from entering summary judgment. The allegation that material issues of fact remain to be resolved is nothing more than a broad allegation and it fails to state with specificity what issues, if any, have not been resolved in regard to appellee's involvement in this matter.

Appellant further argues that discovery has barely started, that most of the parties involved have not been deposed, and only a few documents have been exchanged. The appellant maintains that after an opportunity to conduct discovery, he will be able to prove that appellee is not immune from contractual claims.

In a motion for summary judgment, the court is to accept as true all well pleaded facts in the non-moving party's pleadings. However, the opposing affidavit must set forth specific facts showing there remains a genuine issue for trial. Pa. R.C.P. 1035(d). A review of appellant's motion in opposition to the granting of summary judgment contains no mention that he did not have enough opportunity to conduct discovery. Pa. R.C.P. 1035(e) states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In the case of *Curran v. Philadelphia Newspapers, Inc.,* 497 Pa. 163, 439 A.2d 652 (1981), our Supreme Court held that the submission of affidavits addressing the merits of the complaint requires the conclusion that the appellant was content to proceed to disposition of the motion for summary judgment on the basis of the materials filed with the court and without the depositions of appellees. Thus, the appellant's argument that additional discovery is required should have been raised in his motion in opposition to summary judgment.

Appellant also contends that the claim against the appellees is in assumpsit and not in trespass. A review of the complaint leads us to agree with the trial court's conclusion that the "[Ruditskys'] allegations are specifically addressed to the alleged negligence of the sewage enforcement officer in performing and overseeing the test and issuing a sewage permit for the [Ruditskys'] premises." The law is clear that a municipality and those acting within their scope of employment with a munici-

pality cannot be held liable on a theory of breach of implied warranty. *Olympic, Inc. v. McKeesport M. Water,* 104 Pa. Commonwealth Ct. 107, 521 A.2d 95, *petition for allowance of appeal granted,* 516 Pa. 619, 531 A.2d 1121 (1987); *Gall v. Allegheny County Health Department,* 98 Pa. Commonwealth Ct. 175, 510 A.2d 926 (1986), *petition for allowance of appeal granted,* 516 Pa. 636, 533 A.2d 94 (1987).

Accordingly, the order of the trial court granting summary judgment is hereby affirmed.

### ORDER

AND NOW, this 21st day of November, 1988, the order of the Court of Common Pleas of Pike County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.