COMMONWEALTH of Pennsylvania

v.

Joseph B. WHITEFORD, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 26, 2005.

Decided Sept. 23, 2005.

Rehearing Denied En Banc Nov. 4, 2005.

Joseph B. Whiteford, appellant, pro se.

Bonnie Brimmeier, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge PELLEGRINI.

Joseph B. Whiteford (Whiteford) appeals from an order of the Court of Common Pleas of Allegheny County, Criminal Division, (trial court) finding him in violation of certain provisions of the Existing Structures Code (Code) of the Municipality of Penn Hills (Municipality) relating to grading and removal of soil and not following an approved site plan.

In July 2003, Whiteford applied for and was granted a conditional approval by the Department of Environmental Protection (DEP) to dig a gas well within the Municipality on his property located on Dalecrest Road. Because Whiteford failed to secure a grading permit from the Municipality and he improperly disrupted the soil at the site, the Municipality issued a Notice of Violation (Notice) of Sections 301.2 and 301.12 of the Code for failure to develop the property at Dalecrest Road in accordance with Site Plan 434 previously approved by the Penn Hills Planning Commission; failure to prevent damage to adjacent property; failure to obtain a grading permit for work not approved by the Site Plan; and failure to comply with grading and excavation standards and performance principles. The Notice directed him to: 1) immediately cease all operations at the location of the gas well except those necessary to comply with storm water management and erosion and sediment control; 2) submit an application for a grading permit in accordance with Section 301.12 of the Code; and 3) repair the damage to Dalecrest Road (that portion adjacent to his property). Under Section 110.2 of the Code, any person who violates any provision of the Code is subject to a fine of $50 but no more than $500, and each day after a notice of violation is served, it is a separate offense. If a person fails to correct the violation, a complaint may be filed before a District Justice and other appropriate legal action may be taken.

When Whiteford failed to comply with that Notice, the Municipality's Code Enforcement Officer filed two separate complaints before a District Justice, one for a violation on July 26, 2004, and the other on July 28, 2004. Each alleged a violation of Section 301 of the Code ("Premises Conditions"), Section 301.2 of the Code ("Grading and Drainage"), and Section 301.12 of the Code ("Performance Standards"), and was based on the same facts as set forth in the Notice. The charges were brought on a court-supplied form entitled "Private Criminal Complaint." Whiteford was convicted of the violations by the District Justice and was fined $400 plus costs on each violation. Whiteford then appealed to the trial court.

■ Not challenging whether he violated the cited provisions of the Code, he only challenged the manner and ability to bring the complaints arguing that he was charged criminally for what was a civil offense, and, in any event, that the Municipality had no authority to file the complaints at all because the area had been preempted by the Pennsylvania Oil and Gas Act (Oil and Gas Act).[1] After a hearing, at which it determined that the Municipality had the power to bring the actions and that what it was attempting to regu-

1. December 19, 1984, P.L. 1140, *as amended,* 58 P.S. §§ 601.101–601.605.

late had not been preempted, the trial court found that Whiteford had violated the Code and fined him $400, apparently for all of the violations listed in both complaints. This appeal followed.[2]

∎ As before the trial court, Whiteford is only challenging the procedure by which he was found to have violated the cited provisions of the Code.[3] He contends that the violations he was charged with were civil in nature, not criminal, because they do not provide for imprisonment in default of payment of a fine, and he cannot be found to have violated the provisions charged because they were brought on a criminal complaint. In *Borough of Falls Creek, infra,* 829 A.2d at 1275 n. 8, we addressed whether ordinance violations were criminal or civil, stating:[4]

> How to characterize prosecutions for violations of municipal ordinances has been ... troublesome. At common law, an action brought by the municipality for the violation of a municipal ordinance was considered a civil suit for penalty, and the normal civil burdens applied. That issue was so well-settled that in *Commonwealth v. Carter,* 36 Pa.Cmwlth. 569, 377 A.2d 831, 832 (Pa.Cmwlth.1977), we stated:
>
>> It has long been settled in this Commonwealth that an action instituted for violation of a municipal ordinance is a civil proceeding. *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964); *York v. Baynes,* 188

Pa.Super. 581, 149 A.2d 681 (1959). As we stated in *City of Philadelphia v. Home Agency, Inc.,* 4 Pa.Cmwlth. 174, 177, 285 A.2d 196, 198 (1971): " 'So many practitioners have been broken on the anvil of the principle settled by the cases cited, that we feel strongly that it should not be put in question again in this case.' "

With the promulgation of the then new Pennsylvania Rules of Criminal Procedure, the anvil was broken. Through definitional changes, what we previously considered civil suits for penalty became penal in nature. As explained by our Supreme Court in *Borough of West Chester v. Lal,* 493 Pa. 387, 391, 426 A.2d 603, 605 (1981), involving a defendant found guilty for having violated a municipal ordinance which provided for imposition of fine or imprisonment in the county jail for a term not to exceed 30 days:

> The Pennsylvania Rules of Criminal Procedure define "criminal proceedings" as including "all actions for the enforcement of the Penal Laws." Pa. R.Crim.P. 3(g). The penal laws include "any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa. R.Crim.P. 3(1). An ordinance is a "legislative enactment of a political subdivision." Pa. R.Crim.P. 3(g). These definitions (which were in effect in 1976) remove any doubt as to

---

**2.** Our scope of review of a trial court's determination on appeal from a summary conviction is limited to determining whether there has been an error of law or whether the findings of the trial court are not supported by competent evidence. *Commonwealth v. A.D.B.,* 752 A.2d 438 (Pa.Cmwlth.2000).

**3.** Before the trial court, Whiteford also argued that the Municipality's Code Enforcement Officer did not have the authority to bring a criminal action, but it is now clear

that where authorized, a code enforcement officer has the authority to file criminal complaints. *Commonwealth (Borough of Falls Creek) v. Daugherty,* 829 A.2d 1273 (Pa. Cmwlth.2003).

**4.** The Pennsylvania Rules of Criminal Procedure have been renumbered. Pa. R.Crim.P. 3 set forth in the block quotes has been been renumbered as Pa. R.Crim.P. 103.

the nature of the instant proceedings-they are criminal proceedings.

The Supreme Court again addressed this issue in *In Re Investigating Grand Jury*, 496 Pa. 452, 460–461, 437 A.2d 1128, 1132 (1981):

> Under Rule 3, "criminal proceedings" include "all actions for the enforcement of the penal laws." Pa. R.Crim.P. 3(g). "Penal laws" are defined as "all statutes and embodiments of the common law which establish create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." Pa. R.Crim.P. 3(1). **However, the inclusion of "ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty" within the definition of "penal laws" does not make violations of such ordinances "crimes." Rather, it merely reflects the established principle that, in a civil action whose object is to penalize a civil defendant for the commission of an offense against the law, protections available to defendants in traditional criminal prosecutions may attach.** (Citations omitted.) (Emphasis added.)

More recently, our Supreme Court in *Town of McCandless v. Bellisario*, 551 Pa. 83, 709 A.2d 379, 381 (1998), addressed what level of due process protection was due when municipal ordinances did not provide for payment of a fine:

> While the enforcement of municipal ordinances that provide for imprisonment upon conviction or failure to pay a fine or penalty must follow the Rules of Criminal Procedure, the same is not true for municipal ordinances that do not provide for imprisonment upon conviction or failure to pay a fine or penalty, which, by definition, are not Penal Laws, and are therefore not included in the definition of "criminal proceedings." Pa. R.Crim.P. 3. The higher degree of protection provided by the Rules of Criminal Procedure does not apply to municipal ordinance enforcement actions where imprisonment is not a remedy for a conviction or failure to pay a fine.

Based on the foregoing, because the Code does not provide for imprisonment in lieu of payment of a fine, the violations charged were civil in nature and should have been processed in accordance with the applicable civil rules.[5]

Even though the civil rules should have been followed, the question then becomes whether the complaints brought were fatally defective because the Municipality erroneously brought the actions on a "private criminal complaint" form rather than on the civil form.[6] If a

---

5. Presumably, the appropriate rules would be the Rules of Civil Procedure Governing Actions and Proceedings before District Justices.

6. Whiteford also argues that the complaints were improperly issued because they were served two and three days after notice was given, i.e., before the 20 day appeal period expired. However, because he failed to raise this issue before the trial court, it is waived on appeal. Pa. R.A.P. 302(a). Whiteford also contends that he should not have been cited for violating Section 301.1 ("Sanitation") and

the trial court listed his violations as being that of Sections 301.1 and 301.2 of the Code instead of Sections 301.12 and 301.2 of the Code. Our review of the record indicates that the criminal complaints and the notice of violations do not mention Section 301.1. Additionally, Whiteford has not been charged or convicted for violating Section 301.1. Therefore, the trial court's mentioning of that section is nothing more than a typographical error.

criminal action was brought in the guise of a civil action, the action would be defective because the party may not have received the higher degree of protection afforded by the Rules of Criminal Procedure our Supreme Court mentioned in *Bellisario.* In this case, though, by processing a civil action on a criminal form, while defective, Whiteford received a higher decree of protection than a civil defendant is entitled under the civil rules, making the error not only harmless but advantageous.

■ Even if the procedure used to bring the action was not fatally defective, because he received conditional approval from DEP to operate a gas well, Whiteford contends that the Municipality cannot bring any charges, criminal or civil, because regulation over this area has been explicitly preempted by the Oil and Gas Act [7] placing exclusive jurisdiction in DEP. Section 602 of the Oil and Gas Act, 58 P.S. § 601.602, provides:

> Except with respect to ordinances adopted pursuant to the act of July 31, 1968 (P.L. 805, No.247), known as the Pennsylvania Municipalities Planning Code, and the act of October 4, 1978 (P.L. 851, No. 166), known as the Flood Plain Management Act, all local ordinances and enactments purporting to regulate oil and gas well operations regulated by this act are hereby superseded. No ordinances or enactment, adopted pursuant to the aforementioned acts shall contain provisions which impose conditions, requirements or limitations on the same features of oil and gas well operations regulated by this act or that accomplish the same purposes as set forth in this act. The Commonwealth, by this enactment, hereby preempts and supersedes the regulation of oil and gas wells as herein defined.

Under this standard then, Whiteford was required to show that the Municipality was attempting to regulate what was regulated by the Oil and Gas Act. The Oil and Gas Act deals with activities that flow directly from the operation of the well, such as casing requirements, 58 P.S. § 601.207; protection of water supplies, 58 P.S. § 601.208; safety devices, 58 P.S. § 601.209; and plugging of wells, 58 P.S. § 601.210. However, other than the Municipality's order requiring him to cease operations at the gas well site, which is understandable because one of the directions in the Notice was to repair the damage to Dalecrest Road (the road adjacent to where his well drilling activity was taking place), he offered no evidence that the matters the Municipality were attempting to enforce infringed on any area subject to enforcement under the Oil and Gas Act. Because he has not made out that the Municipality took actions with respect to the DEP permit to operate the gas well, Whiteford has not established that the matter being regulated was within DEP's exclusive jurisdiction.

Accordingly, because the use of the wrong complaint form was harmless error and the Municipality was not preempted by DEP, the trial court's order is affirmed.

### *ORDER*

AND NOW, this *23rd* day of *September,* 2005, the order of the Court of Common Pleas of Allegheny County, dated May 11, 2005, is affirmed.

---

7. Act of December 19, 1984, P.L. 1140, *as* *amended,* 58 P.S. §§ 601.101–601.605.