### CITY OF PHILADELPHIA
### v.
### STEEN OUTDOOR ADVERTISING
### and 700 North Delaware
### Avenue

**Appeal of: Steen Outdoor Advertising a/k/a H.A. Steen Industries, Inc.**

Commonwealth Court of Pennsylvania.

Argued March 6, 2007.

Decided June 18, 2007.

Alan A. Turner, Philadelphia, for appellant.

Cheryl L. Gaston, Philadelphia, for appellee, City of Philadelphia.

Richard C. DeMarco, Philadelphia, for appellee, 700 North Delaware Avenue.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Steen Outdoor Advertising (Steen) appeals several orders issued by the Court of Common Pleas of Philadelphia County (trial court) in the course of a proceeding initiated by the City of Philadelphia with respect to a sign erected and maintained by Steen. The principal issue we consider is whether a double-faced, free-standing sign, with a face measuring 14 feet by 48 feet, that stands 50 feet off the ground, is an outdoor advertising sign or an accessory sign.

This case presents a complex procedural history. In June 1998, the City's Department of Licenses and Inspections issued a zoning and use registration permit to Steen to erect a sign "accessory to an existing night club and dance hall and restaurant" at 700 North Delaware Avenue.[1] Reproduced Record at 43a (R.R. ——). Under the Philadelphia Zoning Code, an accessory sign is one that holds advertisements incidental to the business

---

1. The owner of the Delaware Avenue property, 700 North Delaware, LLC, has intervened and filed a brief in support of the City. Intervenor asserts that Steen's sign "is substantially and significantly delaying the proposed development of the Property by [Intervenor] into a waterfront community containing up to 1,050 high-end residential units, with accessory parking and accessory retail." Intervenor's Brief at 2.

conducted at the premises.[2] On September 4, 2001, the City issued Steen a violation notice, asserting that the sign was being used improperly as an "outdoor advertising or non-accessory sign." [3] At the time, the sign depicted a large bottle identified as "Smirnoff Raspberry Twist," an alcoholic beverage, and it made no reference to a nightclub, dancehall or restaurant at 700 North Delaware Avenue. Because Steen did not have a permit for an outdoor advertising sign, Steen was informed that the violation must cease "by the removal of the structure" or "by obtaining the proper approval within 10 days of this notice." R.R. 28a.

Steen did not appeal to the Philadelphia Zoning Board of Adjustment (Zoning Board) but, rather, to the Board of License and Inspection Review.[4] Steen also filed a complaint against the City, seeking a declaratory judgment that it had the right to erect and operate its sign. The City responded with preliminary objections that were sustained because Steen's remedy was a hearing before the Zoning Board, which he had failed to pursue in a timely manner. This Court affirmed in *H.A. Steen Industries, Inc. v. City of Philadelphia Dept. of Licenses and Inspections Unit*, 822 A.2d 891 (Pa.Cmwlth., No.1999 C.D.2002, filed April 22, 2003). Stated otherwise, this Court held that the proper tribunal to decide the legality of the sign in question was the Zoning Board.

On October 30, 2001, the City filed a complaint in equity to enforce its violation notice. The City requested removal of the sign and a fine for each day the violation has continued since the original violation notice. Steen responded by filing an answer, new matter and a counterclaim seeking a declaratory judgment that Steen had the right to erect and operate an accessory sign. Based on the City's preliminary objections, the trial court dismissed Steen's counterclaim with prejudice.

On May 4, 2004, without conducting a hearing, the trial court determined that an advertisement of a particular brand of alcohol was not a sign accessory to the nightclub business conducted in the building adjacent to the sign and ordered Steen to pay a fine of $100 per day from October 4, 2001.[5] The Court further ordered Steen to remove all advertising not related to the nightclub business within 30 days; if not done, the fine would increase to $150 per day. In its opinion of July 30, 2004, the trial court explained that because Steen had failed to appeal the violation notice to the Zoning Board, any legal issues that

---

**2.** Section 14–102(123)(b) of the Philadelphia Zoning Code defines an accessory sign as follows:

> *Accessory Sign or On–Premise Sign.* A sign containing copy which directs attention to information, identification or advertisements strictly incidental to a lawful use of the premises on which the sign is located. This includes signs or devices indicating the business transacted; services rendered; goods sold or produced on the premises; and, name or emblem of the person, firm, institution, organization or activity occupying the premises.

**3.** Section 14–102(123)(k) of the Philadelphia Zoning Code defines a non-accessory sign as follows:

> *Outdoor Advertising or Non–Accessory Sign.* A sign which directs attention to a business, industry, profession, commodity, service, organization, activity, institution, product, or entertainment neither sold, located nor offered upon the property where the sign is situated.

**4.** The Board of License and Inspection Review had no jurisdiction over the City's violation notice and so advised Steen.

**5.** It seems that the trial court must have meant September 4, 2001, as that is the date of the violation notice.

might have been raised in that forum were waived. On May 24, 2004, the trial court denied Steen's motion for leave to file an amended answer and denied Steen's post trial motion for reconsideration as untimely filed.

Steen appealed all three orders to this Court, and they were decided in an unpublished opinion. *City of Philadelphia v. Steen Outdoor Advertising and 700 North Delaware Avenue*, 872 A.2d 280 (Pa. Cmwlth., Nos. 1267, 1329, 1330 C.D.2004, filed March 17, 2005). This Court agreed with the City that because Steen had failed to appeal the violation notice to the correct tribunal, Steen had waived his ability to challenge the merits of the violation notice or the City's interpretation of the zoning ordinance. However, we also held that Steen was entitled to a hearing on what relief was appropriate at which the City would have the burden of proving the duration of the Zoning Code violation. Steen could refute the City's evidence on duration of the violation and could also offer evidence to mitigate the penalty sought by the City. Accordingly, we vacated the trial court's order and remanded the matter.[6]

After the remand, on June 8, 2005, the trial court again denied Steen's renewed motion for leave to file an amended answer and new matter. The basis of this renewed motion was Steen's desire to rely on an unreported memorandum opinion from this Court issued in a separate case. The trial court noted that it had previously denied the same motion on May 24, 2004, and the rules on citation of unreported memoranda opinions had not changed in the meantime.

A hearing was held on December 21, 2005, at which the City first presented the testimony of Joseph Diorio, a Code Administrator. Diorio is responsible for enforcing the Zoning Code's provisions on signs, and he issued the September 2001 violation notice to Steen. Diorio explained that after issuing the violation notice he took pictures of the sign on various days.[7] Most of the time, the sign contained advertisements for alcohol; the only other advertisement on the sign was one on which Steen sought customers for outdoor advertising.[8] Notes of Testimony, December 21, 2005, at 62–63 (N.T. ——); R.R. 176a–177a. There were times when Diorio saw no advertisement on the sign. Diorio explained that the sign sits on a five foot by five foot parcel of land that Steen obtained by easement from the landowner. Because Steen's sign sits on its own parcel of land, Diorio reasoned that it cannot be considered accessory to the businesses conducted on the remainder of the landowner's property. Thus, according to Diorio, the sign can in no way be considered an accessory sign, and the Steen sign

---

6. We also determined that the trial court erred in dismissing Steen's post trial motions as untimely. Because of the remand, we stated that Steen's other issues, such as the appeal of the trial court's May 24, 2004, order denying its motion to file an amended answer, would not be addressed.

7. The City moved into evidence various photographs of the sign: a photo dated September 12, 2001, showing an advertisement for Smirnoff Raspberry Twist; an undated photo showing an advertisement for Smirnoff; another undated photo showing an advertise-

ment reading, "Don't Advertise. Who needs customers anyway?" and listing a telephone number for Steen; a photo dated January 2, 2003, showing an advertisement for Michelob Ultra; and a photo dated September 20, 2005, showing an advertisement for Absolut. (R.R. 300a–310a).

8. The advertising copy read as follows:

Don't advertise. Who needs customers anyway? Otherwise call Steen 215–334–1700.

R.R. 305a.

had violated the Zoning Code without cessation since September 4, 2001.

The City also presented the testimony of John Wright, a Code Compliance Specialist who reviewed the zoning code files on 700 North Delaware Avenue. Wright testified that in 1998 a variance was granted for the operation of a restaurant and nightclub at 700 North Delaware Avenue, but the permit expired on March 1, 2001. The file contains no further applications or permits for use of the nightclub, but there remains a valid permit for the operation of an adult cabaret on the premises.

Steen's president, Terry Steen, testified that on behalf of Steen, he executed a land rental contract agreement with the owner of the land at 700 North Delaware Avenue to permit the construction of the 50–foot high sign that hangs over the buildings also located on the land. For the 5′ by 5′ parcel of land, Steen paid $125,000 for a 30 year lease. Mr. Steen stated that he has no business relationship with the proprietors of the club operated at 700 North Delaware Avenue and is not advertising at their request.[9] As for the content of the sign's advertisements, Mr. Steen testified that it has consisted of beer or liquor ads. Further, he explained that since September 2001, the sign has been blank, "approximately half of the time." N.T. 137; R.R. 250a.

On February 24, 2006, the trial court ordered Steen to pay a fine of $120,900 and to remove the sign and all its structural elements within 30 days of the order.[10] The trial court determined that the City met its burden of proving that the sign has been in violation of the Zoning Code since September 4, 2001, and it calculated the fine of $120,900 by fining Steen $150 per day for approximately half the time since the issuance of the violation notice. The trial court explained that because the sign is located on Steen's 5′ by 5′ parcel of land, it is a separate advertising business. Accordingly, a truly accessory use of the sign was not possible in that location. Steen filed a motion for post trial relief, but it was denied on March 24, 2006. Steen then filed the instant appeal.[11]

▪ On appeal,[12] Steen presents six issues for our consideration.[13] Steen argues that: (1) the trial court abused its discretion in denying the renewed motion for leave to file an amended answer; (2) the trial court erred in issuing a mandatory injunction where injunctive relief was previously denied and no cross-appeal was

9. The proprietor of the business at 700 North Delaware Avenue does not own the land or building in which the business is operated.

10. The trial court's findings are set forth in its June 19, 2006, opinion issued in support of its February 24, 2006, order.

11. On March 28, 2006, this Court granted a stay as to the fines imposed by the trial court and as to the portion of the trial court's order requiring removal of the sign structure. We denied the request for a stay as concerns the content of the sign, and ordered that the content be removed or shielded.

12. In equity matters, appellate review is based on a determination by the appellate court of such questions as whether: (1) sufficient evidence supports the findings of the judge; (2) the factual inferences and legal conclusions based on those findings are correct; (3) there has been an abuse of discretion or an error of law. *Hess v. Gebhard & Co., Inc.*, 570 Pa. 148, 162, 808 A.2d 912, 920 (2002). The appellate court's function on an appeal from an adjudication in equity is not to substitute its view for that of the lower tribunal, but rather to determine whether "a judicial mind, on due consideration of all the evidence, as a whole, could reasonably reached the conclusion of that tribunal." *Id.* Our review of issues of law in this case is plenary. *Id.*

13. For organizational purposes, we have rearranged the order of Steen's arguments.

filed by the City to preserve the issue; (3) the trial court erred when it held that the land occupied by the base of the sign makes the sign a separate business that cannot be accessory to any other lawful business on the land; (4) the trial court erred in imposing a fine for a continuing violation after the advertising copy for which Steen was originally cited in September 2001 was removed; (5) the trial court abused its discretion when it refused to consider Steen's intent before assessing penalties; and (6) the trial court erred because it did not treat the City's enforcement action as a criminal case. We consider these issues *seriatim.*

■ We first address Steen's argument that the trial court erred in denying its renewed motion for leave to file an amended answer, wherein Steen sought to defend on the basis of an unreported memorandum opinion issued by this Court in the case of *Society Created to Reduce Urban Blight (SCRUB) et al. v. Zoning Board of Adjustment, City of Philadelphia, et al.,* (Pa.Cmwlth., No. 1536 C.D.2001, filed November 7, 2002) (*Aramingo Avenue* ). Specifically, Steen contends that the City should be collaterally estopped from advancing a different legal interpretation of what constitutes an accessory sign than what was held by the Zoning Board in Aramingo Avenue, which considered a sign similar to Steen's sign on North Delaware Avenue.

■ The doctrine of collateral estoppel, or issue preclusion, applies where the following four factors are met: (1) an issue of law or fact decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Frog, Switch & Manufacturing Co. v. Pennsylvania Human Relations Commission,* 885 A.2d 655, 661 (Pa. Cmwlth.2005).

In *Aramingo Avenue,* Antar Associates [14] purchased an easement, at a cost of $75,000, for land on which it erected a sign next to a beer distributor, Salmon's Distributors, also located on the property. The sign contained an advertisement for Yuengling Beer and stated that this beer could be purchased at Salmon's Distributors. The City revoked the sign permit, and the Zoning Board reinstated the permit, concluding that the sign was being used for advertising accessory to Salmon's Distributors. The trial court reversed and on appeal, this Court reversed the trial court. In doing so, we deferred to the Zoning Board's determination that the sign met the definition of an accessory sign because it advertised a brand of beer and stated that it was sold at the adjacent beer distributor.

We reject Steen's contention that the trial court erred in refusing to allow it to amend its answer to raise *Aramingo Avenue.* First, Steen's request to amend its answer came after the trial court had already issued its original order in this case. Second, it has already been determined by this Court in the prior appeal that Steen has waived its right to challenge the City's interpretation of the zoning ordinance that could have, and should have, been addressed in an appeal to the Zoning Board. Third, the facts and issues in *Aramingo Avenue* are not sufficiently similar to the instant case, making the doctrine of collateral estoppel inapplicable. The trial court

---

14. Terry Steen, the owner of Steen, was apparently president of Antar Associates.

did not err in refusing to allow Steen to amend its answer to rely on *Aramingo Avenue*.[15]

We now turn to the remainder of Steen's arguments, all of which involve the relief ordered by the trial court. For the reasons that follow, we conclude that the City proved that Steen's sign violated the Zoning Code, without cessation, beginning on September 4, 2001. However, the trial court erred in refusing to allow Steen to present mitigating evidence in response to the City's request for relief.

■ Steen argues that the trial court had no basis for directing Steen to remove the sign. Steen points out that the May 4, 2004, order appealed by Steen assessed a fine but did not order the sign removed. The City did not cross-appeal the denial of its request for an injunction. As such, Steen contends that the denial of the injunction became the "law of the case." Steen also points out that its permit for the sign in question has never been revoked.

The City counters that the trial court never "denied" an injunction. It merely imposed a fine without a hearing, and, thereafter, this Court remanded the entire request for relief to the trial court. The remand contemplated that the City and Steen would introduce evidence on the appropriate relief to be granted, given the fact that the violation was already established, and that the trial court, exercising its equitable powers, would fashion an appropriate remedy once the duration of the violation was established. The City asserts that the

> status of the case prior to the remand was that Steen's advertisement was not accessory under the zoning code. After the remand, however, the factual context changed when the [trial] court found that the sign could never be used as an accessory sign.

City's Brief at 20.[16]

In the initial proceeding, the trial court ordered a fine and the removal of the offending advertising, but not the removal of the sign. After Steen appealed, this Court vacated the trial court's May 4, 2004, order in its entirety and remanded for a hearing on what penalty was appropriate. That remand order did not limit the issue on remand strictly to fines, but rather we specifically remanded for "a hearing and new determination." *City of Philadelphia v. Steen Outdoor Advertising and 700 North Delaware Avenue*, 872 A.2d 280 (Pa.Cmwlth., Nos. 1267, 1329, 1330 C.D.2004, filed March 17, 2005) at 5. Therefore, it appears that the trial court was not precluded from exercising its equity powers to order whatever relief it deemed appropriate once the record on the duration of the Steen violation was made.

■ At the hearing on December 21, 2005, the trial court received evidence on the relief sought by the City, *i.e.*, the dismantling of the sign at 700 North Delaware Avenue, and the payment of a $150

---

**15.** Section 414 of this Court's Internal Operating Procedures provides in relevant part that:

> Unreported opinions of this court shall not be cited in any opinion of this court or in any brief or argument addressed to it, except that such unreported opinion may be relied upon or cited when it is relevant under the doctrine of the law of the case, res judicata or collateral estoppel.

Because collateral estoppel does not apply, Aramingo Avenue has no precedential effect as an unreported decision and cannot even be cited.

**16.** Intervenor contends that the City did not waive its right to request injunctive relief. Indeed, it argues that because the City received a favorable judgment, it could not cross-appeal.

fine for each day after September 4, 2001.[17] That evidence showed that Steen's sign was located on its own parcel of land; that Steen did not have a business relationship with the other businesses located on the remainder of the land; that Steen had never posted an advertisement at the request of the other adjacent businesses to which Steen's sign purported to be "accessory;" and that Steen treated the sign as one would expect from an outdoor advertising business—by marketing itself. At the same time, the record is devoid of any evidence that the remaining cabaret business needs or desires an accessory sign of any size, let alone one with the dimensions of an outdoor advertising sign.

Steen argues that the City failed to prove a violation after September 12, 2001, the date on which the "Smirnoff Raspberry Twist" advertisement was photographed. Steen observes that it still has an accessory sign permit and, therefore, it can advertise the adjacent businesses or products relevant to those businesses. Steen contends that the content of the advertising is the sole basis for determining whether a sign is an accessory sign or an outdoor advertising sign.

We disagree. The sign at 700 North Delaware Avenue violates the Zoning Code because it is an outdoor advertising sign, not an accessory sign. While the content of what is advertised is a factor in deciding whether a sign is an outdoor advertising or an accessory sign, it is not the sole factor. The relevant factors are the size, appearance and location of the Steen sign together with the lack of any evidence that the sign will ever be used to advertise the adjacent cabaret business. These factors support the trial court's conclusion that the sign violated the Zoning Code as an outdoor advertising sign lacking the proper permit. This violation has continued without cessation since at least September 4, 2001. Accordingly, there was a firm basis to the trial court's order that Steen remove an outdoor advertising sign that lacked a permit as required by the Philadelphia Zoning Code.[18] We affirm the trial court's injunction.

■ We turn, then, to the fines imposed on Steen for half of the days that have elapsed since the issuance of the violation notice. In doing so, the trial court did not address the mitigating factors raised by Steen: only one violation notice has been issued to Steen; the advertising copy that prompted the violation notice was removed; and Steen's sign permit has never been revoked. Further, Steen asserts that because it could be fined anything from $0 to $150 per day, at the discretion of the trial court, the trial court was required to hear evidence of Steen's intent before choosing an amount within the authorized range.

Steen points out that at the December 21, 2005, hearing, it attempted to present evidence that it did not intend to violate the Zoning Code and that it relied on other sign disputes of which its president, Terry

---

17. The City presented evidence on what business remained on the property and whether the 5' by 5' parcel of land established the Steen sign to be a separate business. At one point, the trial court asked if Steen would be willing to take the sign down, to which Steen's counsel replied, "Mr. Steen did not come here to discuss that, Your Honor." N.T. 179; R.R. 292a.

18. As explained by the trial court in its opinion of July 30, 2004, non-accessory signs are controlled in detail by Chapter 14–1604 of the Philadelphia Zoning Code (entitled "Outdoor Advertising and Non–Accessory Advertising Controls,"). Penalties for non-compliance with those controls are set forth in Chapter 14–2020, which include injunctive relief and penalties up to $150 per day. Trial Court Opinion, 7/30/04, at 8; R.R. 93a.

Steen, was aware in choosing how to proceed with its sign at 700 North Delaware Avenue. The City objected to this evidence, and the trial court sustained the objection. The trial court understood this Court's remand directive to mean that Steen could offer evidence to show if there was any time when the sign did not violate the Zoning Code. However, we specifically provided that Steen was to be permitted to offer evidence to mitigate the fines sought. A mitigating circumstance is defined as "[a] fact or situation that does not justify or excuse a wrongful act or offense but that reduces the degree of culpability and thus may reduce the damages (in a civil case) or the punishment (in a criminal case)." Black's Law Dictionary 260 (8th ed.2004). Therefore, on remand, Steen was to be permitted to introduce mitigating evidence relevant to the penalties sought, including evidence of intent,[19] and any other evidence that could serve to reduce Steen's degree of culpability.[20]

■ Finally, we turn to Steen's argument that the trial court erred in failing to treat this as a criminal case. Section 14–2020(3) of the Philadelphia Zoning Code provides as follows:

> In addition to any other sanction or remedial procedure provided, the penalty for violation of any provision of this Chapter is a fine not exceeding $150 for each offense, together with imprisonment not exceeding 30 days if the fine is not paid within 10 days. Continuous violation of the same provision shall be a separate violation for each day.

Steen argues that because Section 14–2020(3) provides for imprisonment, the trial court should have treated this as a criminal case and should have applied a criminal burden of proof and the Pennsylvania Rules of Criminal Procedure. In support of this argument, Steen cites *Commonwealth v. Whiteford*, 884 A.2d 364 (Pa. Cmwlth.2005), wherein this Court explained that if an ordinance provides for imprisonment upon failure to pay a fine or penalty, an action instituted for violation of the ordinance is a "criminal proceeding." *Id.* at 366–367.[21]

The City responds that Steen waived this issue because it never raised it earlier in the litigation, including in its appeal to this Court of the trial court's May 4, 2004, order. Steen never moved for a transfer to criminal court. Intervenor contends that this was a case in equity, not a criminal case, and imprisonment was not a possibility because the City never demanded any type of imprisonment as a remedy, which is not possible, in any case, against a

---

**19.** For example, although *Aramingo Avenue* is not admissible for purposes of collateral estoppel, Terry Steen's awareness of the outcome in Aramingo Avenue might be a relevant, mitigating factor.

**20.** Steen also argues that the trial court should not have been able to raise the fine to $150 per day on remand when it originally assessed a fine of $100 per day. However, we are vacating and remanding the issue of penalties and so we will not address this argument.

**21.** In *Whiteford*, Whiteford violated certain provisions of the Existing Structures Code of Penn Hills and the Municipality brought a

criminal complaint against him under which he was convicted and fined $400 per violation. Whiteford appealed arguing that he was erroneously charged criminally for what was a civil offense. This Court agreed that because the Existing Structures Code did not provide for imprisonment in lieu of payment of a fine, the violations charged were civil in nature and should have been processed in accordance with applicable civil rules. However, we determined that it amounted to harmless error because Whiteford actually received a higher degree of protection in the criminal arena than he would have received under the civil rules. *Whiteford*, 884 A.2d at 368.

corporate defendant. Therefore, the City contends that the Rules of Criminal Procedure are not applicable.[22] We agree.

Steen's counsel did not raise this point until the remand hearing of December 21, 2005; Steen should have raised the issue when the City filed its complaint in equity in civil court or at least at some point earlier in the litigation, prior to this Court rendering its 2005 opinion in this case. Further, Steen never formally petitioned to have the case heard as a criminal case. We hold that this issue is waived.

In conclusion, we hold that the trial court did not err in issuing the injunction; denying Steen's request to file an amended answer; and holding that Steen waived the issue of whether this is actually a criminal case. However, the trial court's February 24, 2006, order imposing penalties and the March 24, 2006, order denying Steen's request for post trial relief are vacated. Before the trial court directs the payment of a specific civil penalty amount, it must consider Steen's mitigating evidence and explain why this evidence does, or does not, affect the appropriate civil penalty amount to be imposed.[23]

#### ORDER

AND NOW, this 18th day of June, 2007, the order of the Court of Common Pleas of Philadelphia County dated June 8, 2005, denying Steen's renewed motion for leave to file an amended answer and amended new matter is hereby affirmed. The trial court's February 24, 2006, order is affirmed as to the injunction but reversed as to the fine of $120,900. The order of March 24, 2006, denying Steen's motion for post trial relief is vacated. The matter is hereby remanded for a new hearing at which Steen can present mitigating evidence regarding intent, after which the trial court should issue a new decision on the appropriate fine.

Jurisdiction relinquished.

---

**22.** Intervenor directs our attention to the following exchange at the December 21, 2005, hearing:

Steen's counsel: I object, Your Honor. This is a criminal case and the Commonwealth has no right.

Counsel for City of Philadelphia: This is not a criminal case. This is an equity case. A civil matter.

The Court: A criminal case has to be Commonwealth of Pennsylvania. It's the City of Philadelphia versus Steen Outdoor Advertising, and I promise you your client isn't going to go to jail. It's not a criminal case . . .

N.T. 107; R.R. 221a.

**23.** It goes without saying that we do not prejudge the value of Steen's proffered mitigating evidence. It is for the trial court to evaluate Steen's mitigating evidence.