IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. :
:
Burton Samuel Comensky, : No. 1431 C.D. 2013
               Appellant : Submitted: April 25, 2014


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: July 30, 2014


        Burton Samuel Comensky (Comensky), pro se, appeals from the Allegheny County Common Pleas Court's (trial court) July 23, 2013 order finding him guilty under the City of Duquesne's (City) Property Maintenance Code (PMC), Section 108.1.1. Although Comensky presents eight issues in his Statement of Questions Involved, they may be summarized as follows: (1) whether the City's violation notice (Notice) and private criminal complaint (Complaint) violated Comensky's due process rights; (2) whether the Complaint was valid, and whether the City's Building Code Official Donald McCrimmon (McCrimmon) was authorized to file it; (3) whether the City Solicitor's (Solicitor) statements to the trial court were prejudicial; and, (4) whether the trial judge was biased. Upon review, we affirm.

        Comensky is the owner of property located at 32 S. 6th Street in the City. By April 23, 2012 Notice, McCrimmon notified Comensky:

> Your property at 32 S[.] 6th Street has numerous code violations. Please contact me at the above number, so that we can discuss how to remediate these violations. If you do

not contact my office, I will have to file charges at the District Magistrate.

Original Record (O.R.), Item No. 13. Comensky did not contact McCrimmon. On October 3, 2012, McCrimmon filed the Complaint against Comensky alleging that he violated PMC Sections 108.1.1 (unsafe structures), 108.1.3 (structure unfit for human occupancy), 304.7 (roofs and drainage) and 304.13 (window, skylight and door frames).[1] The Complaint listed the address of the property and quoted the specific sections of the PMC without explanation of how Comensky's property was in violation of the identified sections. The Magisterial District Judge (MDJ) held a hearing which Comensky did not attend. The MDJ fined Comensky $300.00 for each violation. On February 27, 2013, Comensky appealed from the MDJ's order to the trial court.

On May 28, 2013, the trial court held a *de novo* hearing. At the hearing, Comensky, pro se, briefly discussed the alleged defects in the Notice and the Complaint. The Solicitor represented that Comensky's noncompliance had been a longstanding problem. Comensky objected to the Solicitor's representation that the condition of his property had been a longstanding concern. The parties also discussed the effect of a prior bankruptcy on Comensky's liability. The trial court continued the hearing for 60 days and directed Comensky to talk with McCrimmon to determine the required repairs and to correct the violations during that time or he would be fined.

The hearing before the trial court was reconvened on July 23, 2013. McCrimmon agreed to withdraw three of the four charges against Comensky because Comensky had taken remedial action to abate them. Thus, the trial court considered only the charge under PMC Section 108.1.1 pertaining to unsafe structures. McCrimmon described debris still present on Comensky's property, and an unsafe,

---

[1] See O.R., Item No. 14, Ex. B.

2

unstable wall remaining from a garage that Comensky contended he was in the process of removing. By July 23, 2013 order, the trial court found Comensky guilty of violating PMC Section 108.1.1 and fined him $300.00. However, the trial court informed Comensky that if he removed the remaining wall, cleaned up the property within 30 days, and notified the trial court that he had done so, the trial court would waive the fine. Comensky appealed to this Court.[2]

Comensky first contends that both the Notice and the Complaint were defective, and that the defects deprived him of his due process rights.[3] In regards to the Notice, Sections 107.1 and 107.2 of the PMC provide:

> **107.1 Notice to person responsible.** Whenever the code official determines that there has been a violation of this code or has grounds to believe that a violation has occurred, notice shall be given in the manner prescribed in Sections 107.2 and 107.3 [pertaining to method of service] to the person responsible for the violation as specified in this code. Notices for condemnation procedures shall also comply with Section 108.3.
>
> **107.2 Form.** Such notice prescribed in Section 107.1 shall be in accordance with all of the following:
>
> 1. Be in writing.
>
> 2. Include a description of the real estate sufficient for identification.
>
> 3. Include a statement of the violation or violations and why the notice is being issued.
>
> 4. Include a correction order allowing a reasonable time to make the repairs and improvements required to bring the

---

[2] "In reviewing a summary conviction matter, where the trial court has taken additional evidence in *de novo* review, our standard of review is limited to considering whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Halstead*, 79 A.3d 1240, 1242 (Pa. Cmwlth. 2013).

[3] "Fundamentally, due process affords an individual notice and opportunity to be heard." *Weaver v. Franklin Cnty.*, 918 A.2d 194, 203 (Pa. Cmwlth. 2007).

> dwelling unit or structure into compliance with the provisions of this code.
>
> 5. Inform the property owner of the right to appeal.
>
> 6. Include a statement of the right to file a lien in accordance with Section 106.3.

PMC §§ 107.1, 107.2. The Notice to Comensky did not comply with PMC Sections 107.1 and 107.2. The Notice did not "[i]nclude a statement of the violation or violations and why the notice is being issued." PMC § 107.2. It did not "[i]nclude a correction order allowing a reasonable time to make the repairs and improvements required to bring the dwelling unit or structure into compliance . . . ." *Id.* Further, the Notice did not "[i]nform [Comensky] of the right to appeal." *Id.* Finally, it did not "include a statement of the right to file a lien in accordance with Section 106.3." *Id.* Instead, McCrimmon's Notice merely notified Comensky that there were "numerous code violations," identified the property at issue, requested that Comensky call him to discuss the matter, and threatened Comensky with a criminal complaint if he failed to do so. O.R., Item No. 13.

With respect to the Complaint, Pennsylvania Rule of Criminal Procedure 403(A) (Rule 403(A)) requires that every citation for a summary offense must contain:

> (1) the name and address of the organization, and badge number, if any, of the law enforcement officer;
>
> (2) the name and address of the defendant;
>
> (3) a notation if the defendant is under 18 years of age and whether the parents or guardians have been notified of the charge(s);
>
> (4) **the date and time when the offense is alleged to have been committed**, provided however, if the day of the week is an essential element of the offense charged, such day must be specifically set forth;

4

(5) the place where the offense is alleged to have been committed;

(6) a citation of the specific section and subsection of the statute or ordinance allegedly violated, **together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged;**

(7) the date of issuance;

(8) a notation if criminal laboratory services are requested in the case;

(9) a verification by the law enforcement officer that the facts set forth in the citation are true and correct to the officer's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Pa.R.Crim.P. 403(A) (emphasis added). Here, the Complaint did not comply with the requirements of Rule 403(A). The Complaint simply identified the subject property by its address and quoted four PMC provisions verbatim. It did not state "the date and time when the offense is alleged to have been committed." *Id.* More importantly, although the Complaint references the specific sections of the PMC under which Comensky was charged, it did not provide **any** "facts . . . to advise the defendant of the nature of the offense charged." *Id.*

In support of his contention that the aforementioned defects deprived him of due process, Comensky relies upon this Court's opinion in *Commonwealth v. Borriello*, 696 A.2d 1215 (Pa. Cmwlth. 1997), *aff'd*, 723 A.2d 1021 (Pa. 1999). In *Borriello*, the defendant landowners were charged with violating a borough ordinance under twenty-six separate citations, and convicted on all twenty-six counts. On review, this Court noted that the citations did not reference the ordinance sections under which the defendants were ultimately convicted. Further, the citations failed to

order the defendants to repair the structure, and did not identify the repairs necessary for compliance. This Court ultimately reversed the convictions, explaining:

> We . . . find insufficient nexus between the charges contained in the citations and the provisions relied upon by the trial court to sustain conviction for summary violation . . . . We further find that the citations lacked sufficient notice **to provide a reasonable opportunity for the owners to make repairs in order to eliminate the dangerous condition without facing conviction.**

*Id*. at 1218-19 (emphasis added).

The instant matter is clearly distinguishable from *Borriello*. Here, the trial court provided Comensky with "a reasonable opportunity . . . to make repairs in order to eliminate the dangerous condition without facing conviction." *Id*. At the May 28, 2013 hearing, McCrimmon was present, and the Solicitor offered to discuss the necessary repairs with Comensky to ensure that Comensky knew what repairs were required. The trial court continued the May 28, 2013 hearing specifically to provide Comensky with 60 days to remediate the violations, and then reconvened on July 23, 2013 to hear from the parties and determine if Comensky had indeed done so. Thus, the concerns present in *Borriello* are not at issue here.

Further, defects in the content of a complaint do not automatically render charges invalid. Pennsylvania Rule of Criminal Procedure 109 (Rule 109) provides:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, **and the defect is prejudicial to the rights of the defendant.**

6

Pa.R.Crim.P. 109 (emphasis added).[4] The official comment to Rule 109 states in relevant part: "As a condition of relief regardless of whether the defect is in form, content, or procedure, **the court or issuing authority must determine that there is actual prejudice to the rights of the defendant.**" (Emphasis added). Thus, the defects in the Complaint were not fatal unless they resulted in actual prejudice to Comensky.

At the May 28, 2013 hearing, the trial court provided Comensky with actual notice of the bases for the specific offenses charged, and an opportunity thereafter to address the violations. The record evidence reveals that Comensky understood the violation pertaining to the remaining garage wall as Comensky admitted to the same at the hearing. *See* Notes of Testimony (N.T.), May 28, 2013 at 14. Comensky conceded that after the May 28, 2013 hearing he understood he was to speak to McCrimmon to fully determine the property's noncompliance and the corrections necessary. *See* N.T., July 23, 2013 at 7. The trial court gave Comensky 60 days to make repairs and took no action until the July 23, 2013 hearing, when it learned that Comensky had failed to remove the remaining garage wall. It was not until after there had been a disclosure and discussion of the specific concerns with the property, a 60 day period to remedy the violation, and a second hearing that the trial court found Comensky guilty of violating PMC Section 108.1.1.[5] Thus, neither the defective Notice nor the defective Complaint deprived Comensky of notice or an opportunity to be heard.

Comensky also challenges the Complaint's validity, asserting that McCrimmon was not authorized to issue the Complaint because he is not a law

---

[4] "Such prejudice will not be found where the content of the citation, taken as a whole, prevented surprise as to the nature of summary offenses of which defendant was found guilty at trial or the omission does not involve a basic element of the offense charged[.]" *Borriello*, 696 A.2d at 1217 (citation omitted); *see also Commonwealth v. Halstead*, 79 A.3d 1240 (Pa. Cmwlth. 2013).

[5] The three other charges against Comensky were withdrawn at the July 23, 2013 hearing.

enforcement officer. Pennsylvania Rule of Criminal Procedure 402 states, "Law enforcement officers shall ordinarily institute summary proceedings by citation." Pennsylvania Rule of Criminal Procedure 420 provides: "When the affiant is not a law enforcement officer, the affiant shall institute a criminal proceeding in a summary case by filing a complaint with the proper issuing authority." This Court has held that "where authorized, a code enforcement officer has the authority to file criminal complaints." *Commonwealth v. Whiteford*, 884 A.2d 364, 366 n.3 (Pa. Cmwlth. 2005). Further, "[b]ecause the code enforcement officer has been charged with the enforcement, a code enforcement officer is a 'law enforcement officer' within the meaning of Pa.R.Crim.P. 402." *Commonwealth v. Daugherty*, 829 A.2d 1273, 1277 (Pa. Cmwlth. 2003). In the instant matter, McCrimmon was authorized by PMC Section 106.3 to "**institute the appropriate proceeding at law or in equity** to restrain, correct or abate such violation . . ." when Comensky failed to comply with the Notice. (Emphasis added). Accordingly, Comensky's argument is without merit.[6]

Comensky next contends that the Solicitor's statements referencing Comensky's alleged prior noncompliance prejudiced the factfinder. The law is well-established that "[c]omments by a prosecutor do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the [factfinder], forming in [his] mind a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a true verdict." *Commonwealth*

---

[6] We also reject Comensky's argument that McCrimmon does not qualify as a code enforcement official because he was not certified in accordance with the Uniform Construction Code (UCC) and that the trial court should not have permitted McCrimmon to testify as an expert witness. The UCC refers to the code established by Section 301 of the Pennsylvania Construction Code Act, Act of November 10, 1999, P.L. 491, *as amended*, 35 P.S. § 7210.301. Comensky was charged with violating provisions of the PMC, not the UCC. McCrimmon, as the City's PMC code official, had authority to institute proceedings against Comensky, and to provide testimony in that capacity as to his observations of the property. Accordingly, we discern no error.

*v. Thomas*, 783 A.2d 328, 335 (Pa. Super. 2001) (quoting *Commonwealth v. Bronshtein*, 691 A.2d 907, 917 (Pa. 1997)). Moreover, "[i]t has long been held that trial judges, sitting as factfinders, are presumed to ignore prejudicial evidence in reaching a verdict." *Commonwealth v. Irwin*, 579 A.2d 955, 957 (Pa. Super. 1990).

In response to Comensky's objections to the Solicitor's comments at the hearing about the property's longstanding problems, the trial court made it emphatically clear that the Solicitor's statements did not have a prejudicial effect: "It's pretty hard to prejudice a Judge. It's from today on. You are out of compliance today. If you don't get into compliance, then you get fined. It's as easy as that." N.T., May 28, 2013 at 16-17. Thereafter, at the July 23, 2013 hearing, upon hearing McCrimmon's testimony regarding the property's current condition and reviewing photographs of the property, the trial court found Comensky guilty of violating PMC Section 108.1.1. Comensky's brief does not further discuss how the trial court was allegedly prejudiced, but merely **speculates** that the Solicitor's comments prejudiced the trial court, stating, "**it appears as if** the seed was planted . . . . As the seed was planted the sprout has sprung and the plant is viewing sunlight." Comensky Br. at 11 (emphasis added). Because the record evidence contradicts Comensky's position, his argument cannot stand.

Finally, Comensky asserts that the trial court demonstrated a predisposition against him when the trial judge referred several times to the likelihood that the matter would be appealed, routinely overruled his objections, prevented him from raising issues in his defense, and prohibited him from offering evidence. This Court has held: "[T]he party who asserts that a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice or unfairness." *Wertz v. Chapman Twp.*, 709 A.2d 428, 438 (Pa. Cmwlth. 1998). "Rulings on the admissibility of evidence are within a trial court's discretion and those rulings should not be reversed on appeal absent a clear abuse of discretion."

9

*Sitoski v. Dep't of Transp.*, *Bureau of Driver Licensing*, 11 A.3d 12, 22 (Pa. Cmwlth. 2010). After a careful review of the record, we detect no bias, prejudice or unfairness by the trial judge and, therefore, no predisposition, and conclude the trial court did not abuse its discretion in making its evidentiary rulings.[7]

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

---

[7] We note that Comensky's attempts to raise issues in his defense and attack McCrimmon's credibility involved efforts to present evidence and introduce statutory authority that was not relevant to the Complaint and McCrimmon's authority under the PMC.

Commonwealth of Pennsylvania    :
    :
    v.    :
    :
Burton Samuel Comensky,    :    No. 1431 C.D. 2013
    Appellant    :

## O R D E R

AND NOW, this 30th day of July, 2014, the Allegheny County Common Pleas Court's July 23, 2013 order is affirmed.

_____
ANNE E. COVEY, Judge