## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
        v.     :
    :
Burton Samuel Comensky,     :     No. 28 C.D. 2016
        Appellant     :     Submitted: August 19, 2016

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: October 31, 2016

Burton Samuel Comensky (Comensky) appeals, pro se, from the Allegheny County Common Pleas Court's (trial court) December 8, 2015 order finding him guilty of violating Section 302.1 of the City of Duquesne (City) Property Maintenance Code (Code) and imposing a $300.00 fine. Comensky presents three issues for this Court's review: (1) whether the private criminal complaint issued against Comensky (Complaint) has substantial defects; (2) whether Code Enforcement Officer Allen Chiesi (Chiesi) is certified; and (3) whether double jeopardy applies.[1] After review, we affirm.

On March 26, 2015, the Commonwealth issued a Complaint against Comensky alleging violations of Code Sections 302.1 (relating to unlicensed vehicles parked on premises) and 302.8 (relating to maintenance of property exterior). On May 27, 2015, the Magisterial District Judge (MDJ) held a hearing and found

---

[1] Claimant's Statement of Questions Involved includes an additional issue: "Labor and Industry is vested with authority to administer all code officials [sic] in P[ennsylvania.]" Claimant Br. at 5. As this issue was not raised in Comensky's Statement of Errors Complained of on Appeal, it is waived. *See Commonwealth v. Hill,* 16 A.3d 484 (Pa. 2011).

Comensky guilty of both violations. On June 26, 2015, Comensky appealed from the MDJ's order to the trial court. On December 8, 2015, the trial court held a *de novo* hearing. By December 8, 2015 order, the trial court found Comensky guilty of violating Code Section 302.1 and fined him $300.00. However, the trial court informed Comensky that if he moved the vehicle by the end of the month, the trial court would vacate the order. Comensky appealed to this Court.[2]

Comensky first argues that the Complaint has substantial defects because Chiesi did not properly execute and verify the Complaint in front of the issuing authority as required by Pennsylvania Rule of Criminal Procedure (Pa.R.Crim.P.) 504. Pa.R.Crim.P. 504 provides:

> Every complaint shall contain:
>
>  . . . .
>
> (11) a verification by the affiant that the facts set forth in the complaint are true and correct to the affiant's personal knowledge, or information and belief, and that any false statements therein are made subject to the penalties of [Section 4904 of] the Crimes Code, 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities; and
>
> (12) the signature of the affiant and the date of the execution of the complaint.

Pa.R.Crim.P. 504. Comensky is correct that the Complaint did not comply with Pa.R.Crim.P. 504 because it did not contain Chiesi's verification or signature. However, defects in the content of a complaint do not automatically render charges invalid.

---

[2] "In reviewing a summary conviction matter, where the trial court has taken additional evidence in *de novo* review, our standard of review is limited to considering whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Halstead*, 79 A.3d 1240, 1242 (Pa. Cmwlth. 2013) (italic emphasis added).

2

Pa.R.Crim.P. 109 provides:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, **unless the defendant raises the defect** before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, **and the defect is prejudicial to the rights of the defendant.**

*Id.* (emphasis added). The official comment to Pa.R.Crim.P. 109 states in relevant part: "As a condition of relief[,] regardless of whether the defect is in form, content, or procedure, **the court or issuing authority must determine that there is actual prejudice to the rights of the defendant.**" *Id.* (emphasis added). Thus, the defects in the Complaint were not fatal unless they resulted in actual prejudice to Comensky. Here, because Chiesi's testimony supported the averments in the Complaint, and Comensky did not assert any prejudice caused thereby, Comensky is not entitled to relief.

Comensky further challenges the Complaint's validity, asserting that Chiesi was not authorized to issue the Complaint because he is not a law enforcement officer. We acknowledge that Pa.R.Crim.P. 402 states: "Law enforcement officers shall ordinarily institute summary proceedings by citation." *Id.* However, Pa.R.Crim.P. 420 provides: "When the affiant is not a law enforcement officer, the affiant shall institute a criminal proceeding in a summary case by filing a complaint with the proper issuing authority." *Id.* This Court has held that "where authorized, a code enforcement officer has the authority to file criminal complaints." *Commonwealth v. Whiteford*, 884 A.2d 364, 366 n.3 (Pa. Cmwlth. 2005). In addition, "[b]ecause the code enforcement officer has been charged with the enforcement, a code enforcement officer is a 'law enforcement officer' within the meaning of Pa.R.Crim.P. 402." *Commonwealth v. Daugherty*, 829 A.2d 1273, 1277

3

(Pa. Cmwlth. 2003). In the instant matter, Chiesi was authorized by Code Section 106.3 to "**institute the appropriate proceeding at law or in equity** to restrain, correct or abate such violation . . . ." (Emphasis added). Accordingly, Comensky's argument is without merit.

Comensky also asserts that Chiesi does not qualify as a code enforcement official because he was not certified in accordance with the Uniform Construction Code (UCC).[3] However, Comensky was charged with violating provisions of the Code, not the UCC. Chiesi, as the City's Code official, had authority to institute proceedings against Comensky. Accordingly, we discern no error.

Lastly, Comensky contends that double jeopardy applies because he was given a citation for this same offense in 2013, which the trial court dismissed at the summary appeal because witnesses failed to appear. Comensky maintains that UCC Section 107, 35 P.S. § 7210.107, requires that he be given prior notice, an opportunity to abate or a zoning hearing before he can be charged again for the same offense.

Initially, "double jeopardy protections may be asserted for a violation of a municipal ordinance. Although local ordinance violations are not listed as 'crimes' in the Crimes Code, they are treated as criminal violations because they can result in the imposition of criminal penalties." *Borough of Walnutport v. Dennis,* 114 A.3d

---

[3] In 1999, the General Assembly enacted the Pennsylvania Construction Code Act (Act), Act of November 10, 1999, P.L. 491, *as amended,* 35 P.S. §§ 7210.101–7210.1103, to insure uniform, modern construction standards and regulations throughout the Commonwealth for the protection of life, health and property and for the safety and welfare of consumers, the general public and the owners and occupants of buildings and structures. Section 102 of the Act, 35 P.S. § 7210.102. The Act applies generally to the construction, alteration, repair and occupancy of all buildings in the Commonwealth and preempts the establishment of different construction standards by local ordinance. Section 104(a), (d) of the Act, 35 P.S. § 7210.104(a), (d). Section 301(a)(1) of the Act, 35 P.S. § 7210.301(a)(1), directed the Department of Labor and Industry (Department) to adopt, by regulation, "the 1999 BOCA National Building Code, Fourteenth Edition, as a Uniform Construction Code." In establishing the Uniform Construction Code, the Department adopted and incorporated by reference various model codes. *See* 34 Pa. Code § 403.21.

11, 19 (Pa. Cmwlth. 2015). "Under the Crimes Code, a prosecution for a violation of the same provision of a statute, based on the same facts as a former prosecution, is barred if the former prosecution resulted in an acquittal or conviction or was terminated. [Section 109 of the Crimes Code,] 18 Pa.C.S. § 109.[4]" *Borough of Walnutport,* 114 A.3d at 19.

Here, the former prosecution was dismissed for failure of witnesses to appear. Comensky Br. at App-2. Thus, it was not "terminated . . . by a final order or judgment for the defendant, . . . which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense." 18 Pa.C.S. § 109. In addition, the first violation was for an occurrence in December 2013. *See* Comensky Br. at App-1, 8. The second violation was for an incident in March 2015. *See* Comensky Br. at App-3-4. The March violation "is a new violation. Thus, a single criminal episode does not exist between . . . the prior citation[] and the 201[5] citation. . . . [and] double jeopardy protections

---

[4] Section 109 of the Crimes Code provides:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal. . . .
>
> (2) The former prosecution was terminated, after the indictment had been found, by a final order or judgment for the defendant, . . . which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.
>
> (3) The former prosecution resulted in a conviction. . . .
>
> (4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or after a plea of guilty was accepted by the court.

18 Pa.C.S. § 109.

5

did not attach.  To conclude otherwise would essentially give [Comensky] a free pass from [ever complying with the ordinance.]" *Borough of Walnutport,* 114 A.3d at 20. Moreover, as stated above, Comensky was charged with violating provisions of the Code, not the UCC.  Notwithstanding, the trial court gave Comensky 30 days to abate the violation, which he failed to do.  Accordingly, Comensky's conviction was not barred by double jeopardy.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
         :
         v.         :
         :
Burton Samuel Comensky,      :     No. 28 C.D. 2016
              Appellant    :

### O R D E R

AND NOW, this 31st day of October, 2016, the Allegheny County Common Pleas Court's December 8, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge