

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2009

# Whiteford v. Penn Hills Mun

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3284

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Whiteford v. Penn Hills Mun" (2009). *2009 Decisions.* Paper 1569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3284
_____

JOSEPH B. WHITEFORD;
JOHN K. WHITEFORD,

Appellants

vs.

PENN HILLS MUNICIPALITY; HOWARD DAVIDSON, as an individual;
LEONARD J. HROMYAK, as an individual; ROBERT GALLO, as an individual;
MICHAEL LETTRICH, ESQ., as an individual; MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK P.L.L.C., as a law firm; DAN PELLIGRINI, as an individual

_____

No. 07-3399
_____

JOSEPH B. WHITEFORD;
JOHN K. WHITEFORD

vs.

PENN HILLS MUNICIPALITY; HOWARD DAVIDSON, as an individual;
LEONARD J. HROMYAK, as an individual; ROBERT C. GALLO, as an individual;
MICHAEL LETTRICH, ESQ. as an individual; MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK P.L.L.C., as a law firm; DAN PELLIGRINI, as an individual,

Michael Lettrich; Meyer, Darragh, Buckler,
Bebenek & Eck P.L.L.C, Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

1

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2009
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

(Opinion filed: April 8, 2009)

_____

OPINION

_____

PER CURIAM.

Appellants Joseph B. Whiteford and John K. Whiteford appeal from the orders of the United States District Court for the Western District of Pennsylvania granting the defendants' motions to dismiss and denying Appellants' motion for reconsideration.  Appellees Michael Lettrich, Esquire, and the law firm of Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. ("Lettrich and Meyer Darragh") cross-appeal the District Court's order denying their motion to impose Rule 11 sanctions.  We will affirm the District Court's orders.

Because the parties are familiar with the history and facts of the case, and because the District Court's June 25, 2007 memorandum opinion contains a detailed account, we will recount the events in summary fashion.  Joseph Whiteford and his father John Whiteford brought suit under 42 U.S.C. § 1983, alleging civil rights violations

2

arising from enforcement of the Penn Hills Existing Structures Code ("the Code"). The

Pennsylvania Department of Environmental Protection had granted Joseph Whiteford

conditional approval to dig a gas well on property that the Whitefords lease for their oil

and gas business. However, because the Whitefords failed to obtain the appropriate

grading permits and approvals before disrupting the soil on the site, Penn Hills issued a

Notice of Violation of section 301.2 and 301.12 of Ordinance 1939 of the Code. Section

110.2 of the Ordinance provides that each day that a violation continues after notice of

violation has been served constitutes a separate offense. When the Whitefords failed to

comply with the notice, two separate complaints were filed against Joseph B. Whiteford:

one for a violation on July 26, 2004 and the other for a violation on July 28, 2004. The

Magisterial District Judge determined that Joseph Whiteford violated the Code. Joseph

Whiteford unsuccessfully appealed to the Court of Common Pleas and to the

Commonwealth Court. See Commonwealth v. Whiteford, 884 A.2d 364 (Pa. Commw.

2005) ("Whiteford I"). On appeal, he did not challenge whether he had indeed committed

Code violations. Instead, he challenged the manner and ability of Penn Hills to bring the

complaints and the necessity of obtaining a permit. The Code violations were filed on a

court-supplied "private criminal complaint" form. Among other things, the

Commonwealth Court ruled that even if the violations should have been processed civilly

rather than criminally, the processing error was not only harmless but advantageous in

light of the higher level of protections Joseph Whiteford received over that of a civil

3

defendant. The court also determined that the Code was not preempted by the Pennsylvania Oil and Gas Act. On June 28, 2006, the Pennsylvania Supreme Court denied Joseph Whiteford's petition for allowance of appeal.

Because no corrective action was taken, on December 12, 2005, Penn Hills again cited Joseph Whiteford for the same Code violations. Once again, he unsuccessfully appealed to the state courts, raising the same arguments as before but not challenging the finding that he still had failed to obtain a grading permit. The Commonwealth Court concluded that the doctrine of collateral estoppel precluded relitigation of his arguments given that the relevant issues were identical to those raised in the previous Code violation proceedings, that the prior determination was final and on the merits, that Joseph Whiteford was the party involved in the previous matter, and that he had a full and fair opportunity to litigate the issues. Whiteford v. Municipality of Penn Hills, No. 1931 C.D. 2006 (March 14, 2007) ("Whiteford II").[1]

John Whiteford also challenged equivalent Penn Hills ordinance violations in state court proceedings. Affirming the decision of an arbitration panel, the Court of Common Pleas found that the issues were functionally identical to those involving Joseph Whiteford. In light of Whiteford I, the state court declined to address John Whiteford's preemption argument.

---

[1] The Commonwealth Court's March 2007 decision post-dates the date of the complaint, but as noted by the District Court, the Whitefords sought to amend their complaint to add the authoring judge of the Commonwealth Court's opinion.

4

The Whitefords filed their civil rights lawsuit in federal court, naming as defendants Penn Hills and its Code Enforcement Officer, Howard Davidson; attorney Lettrich and Meyer Darragh, as solicitor to Penn Hills in the prosecutions; and the state court judges who issued rulings adverse to the Whitefords in the state court proceedings. The Whitefords alleged constitutional violations by the defendants in the prosecutions and convictions of the ordinance violations. Specifically, the Whitefords protested the prosecutions as criminal rather than civil proceedings, alleged that the convictions were not supported by evidence, disputed the rulings regarding the preemption issue, and contended that their multiple convictions were in violation of the Double Jeopardy clause. They sought damages as relief. The District Court granted all of the defendants' motions to dismiss, reasoning that the Whitefords' claims were barred by the doctrines of claim preclusion and issue preclusion, prosecutorial immunity, and judicial immunity. In a separate order, the District Court denied Lettrich and Meyer Darragh's motion to impose Rule 11 sanctions. The District Court denied the Whitefords' motion for reconsideration.

The Whitefords timely appealed, and their appeal bears docket number C.A. No. 07-3284. Lettrich and Meyer Darragh filed a cross-notice of appeal of the District Court order denying Rule 11 sanctions, and the appeal bears the docket number C.A. No. 07-3399.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary

---

[2] This cross-appeal was listed for possible dismissal due to a jurisdictional defect because it was filed more than thirty days after the District Court order denying the motion for Rule 11 sanctions. However, the cross-appeal was filed within fourteen days

5

review of the District Court's orders granting the defendants' motions to dismiss. See

Port Authority of New York and New Jersey v. Arcadian Corp., 189 F.3d 305, 311 (3d

Cir. 1999). We review the imposition or denial of Rule 11 sanctions for an abuse of

discretion. Teamsters Local Union No. 430 v. Cement Exp., Inc., 841 F.2d 66, 68 (3d

Cir. 1988).

First, we discuss the Whitefords' appeal. The Whitefords do not contest the

District Court's conclusion that the judicial defendants were entitled to absolute judicial

immunity. We thus deem this issue waived, as it is not raised in their briefs. See F.D.I.C.

v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000). We note that the Whitefords instead

argue that the District Court erred in finding that amendment of the complaint would be

futile and in dismissing the complaint without leave to amend, because they could have

amended their complaint to add the Commonwealth of Pennsylvania as a defendant. The

Whitefords claim that the Commonwealth is the employer of every judicial respondent

and is entitled to no immunity from a section 1983 lawsuit. This argument fails, given

that the Commonwealth is not a "person" subject to suit under section 1983. See Will v.

Mich. Dep't of State Police, 491 U.S. 58, 69-70 (1989) (states or governmental entities

that are "arms of the State" are not "persons" for purposes of section 1983).

---

after the filing of the Whitefords' timely notice of appeal. See Fed. R. App. P. 4(a)(3).
We are satisfied that we have appellate jurisdiction.

6

Regarding the immunity of Lettrich and Meyer Darragh, the Whitefords concede that they acted as prosecutors for Penn Hills but argue that they are entitled to qualified immunity only. They provide no support for this assertion. As noted by the District Court, prosecutorial immunity from section 1983 liability is absolute. See Light v. Haws, 472 F.3d 74, 77 (3d Cir. 2007) (citing Imbler v. Pachtman, 424 U.S. 409, 427, 431 (1976)).

The Whitefords' chief argument is that the District Court should have addressed the merits of the constitutional issues in their complaint instead of finding that the claims were precluded. Federal courts must give the same preclusive effect to a state court decision as would be given by the courts of the rendering state. See Delaware River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002). To determine the preclusive effect of the earlier state court decision, we must look to the law of the adjudicating state. Greenleaf v. Garlock, Inc. 174 F.3d 352, 357 (3d Cir. 1999). In Pennsylvania, issue preclusion (i.e., collateral estoppel) applies where (1) the issue presented is identical; (2) there was a final judgment on the merits; (3) the party against whom preclusion is asserted was a party or in privity with a party to the earlier proceeding; and (4) the party against whom it is asserted had a full and fair opportunity to litigate the issue. Id. at 357-58. From the record, it appears that all of the factors are present. The state court decisions addressed the issues regarding the manner in which Penn Hills prosecuted the violations, the preemption question, and the legality and

7

sufficiency of evidence to support the multiple convictions for the same ongoing failure to obtain a grading permit. We acknowledge that the state court opinions do not squarely address a claim of Double Jeopardy, and the application of issue preclusion is not as evident on this point. However, we observe that the state court decisions refer to the language of the Code expressly providing that each day of non-compliance after a notice of violation constitutes a separate offense. Therefore, in any event, the Whitefords' Double Jeopardy argument is without merit. See e.g., United States v. Paternostro, 966 F.2d 907, 910-911 (5th Cir. 1992) (rejecting Double Jeopardy argument of appellant who continued to fail to abide by federal permit requirement, where the rulemaking body explicitly deemed each day of a continuing violation to be a separate offense).

We now turn to appellees Lettrich and Meyer Darragh's cross-appeal of the denial of Rule 11 sanctions. The District Court did not impose sanctions on the Whitefords, noting that, even though the Whitefords have filed repeated lawsuits stemming from the same set of facts, they have not yet abused the federal court system. Lettrich and Meyer Darragh argue that the District Court's analysis constituted an abuse of discretion because Rule 11 does not have a prerequisite of a previously-filed federal lawsuit on the same facts. The Whitefords counter that the District Court was mistaken that they had brought any of the previous litigation on these matters, noting that the state court code enforcement cases had been initiated by the appellees. We have observed that Rule 11 sanctions are appropriately imposed "only if the filing of the complaint

8

constituted abusive litigation or misuse of the court's process." <u>Teamsters Local Union No. 430</u>, 841 F.2d at 68. Though the record shows that the Commonwealth Court has ordered Joseph Whiteford to pay attorney's fees for taking a frivolous appeal and has described his conduct as "obdurate," we decline to conclude that the District Court abused its discretion in considering the absence of a previously-filed lawsuit on this matter as a factor in its Rule 11 analysis.

We will affirm the District Court's judgment. Lettrich and Meyer's motion to strike the appendix to the Whitefords' reply brief is granted. The Whitefords' motion for leave to file a supplemental appendix is denied. Howard Davidson and Penn Hills Municipality's motion to strike the motion for leave to file a supplemental appendix is granted. The Whitefords' motion to file a supplemental reply brief is granted.