**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4290
_____

JOHN K. WHITEFORD,
                                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; MUNICIPALITY OF PENN HILLS;
ANTHONY DELUCA, Mayor Penn Hills;
HOWARD DAVIDSON; M. LETTRICH, Esq.;
MEYER, DARRAGH, BEBENEK, ECK, et al; B. BRIMMEIR, Esq.;
A. SWEENEY, Esq.; A. RACUNAS, Esq.; A. J. ZANGRILLI, JR., Esq.;
C. C. COLIN, Esq.; YUKEVICH MARCHETTI LIEKAR & ZANGRILLI P.C.;
P. MCGRAIL; ISOBEL STORCH, Esq.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:12-cv-00055)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2013

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 3, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant John K. Whiteford appeals from the District Court's dismissal of his complaint as well as its denial of his subsequent motion for reconsideration. For the following reasons, we will affirm.

I.

Because the parties are familiar with the history and facts of this case, and because our previous opinion in Whiteford v. Penn Hills Municipality, 323 F. App'x 163 (3d Cir. Apr. 8, 2009), contains a detailed account, we recite only the facts necessary to our discussion. The Pennsylvania Department of Environmental Protection ("DEP") granted Joseph Whiteford, Whiteford's son, conditional approval to dig a gas well on property leased for the Whitefords' oil and gas business. However, the Whitefords failed to obtain the appropriate grading permits and approvals before disturbing the soil on the site. The Municipality of Penn Hills issued notices of violations of its Existing Structures Code ("the Code") to both Whitefords, but they failed to comply. Civil complaints were then filed. A Magisterial District Judge found both Whitefords liable for the violations, and the Whitefords unsuccessfully appealed to both the Court of Common Pleas and the Commonwealth Court.

In January 2007, the Code was amended to provide for imprisonment as a possible penalty for violations of its provisions. Subsequently, Penn Hills issued criminal complaints against the Whitefords for violating the Code because of their failure to obtain the appropriate grading permits and approvals on various days throughout February 2007. In February 2008, the Magisterial District Judge found Whiteford guilty of ten separate

2

violations.  On appeal, the Commonwealth Court determined that prosecution of these violations did not violate the Double Jeopardy and Ex Post Facto Clauses.

The Whitefords filed suit pursuant to 42 U.S.C. § 1983 in the District Court in March 2007, naming many of the same defendants named in the instant suit.  See Whiteford v. Penn Hills Municipality, W.D. Pa. Civ. No. 2:07-cv-0272.  The District Court granted the defendants' motions to dismiss based upon the doctrines of claim and issue preclusion, prosecutorial immunity, and judicial immunity.  We affirmed.  See Whiteford, 323 F. App'x at 166-67.

Whiteford filed a second § 1983 suit in January 2012, primarily alleging that the prosecution of his 2007 violations, the same violations previously adjudicated, was barred by the Ex Post Facto Clause because they were based upon the same activity for which he was determined civilly liable in 2004.[1]  A Magistrate Judge recommended that the defendants' motions to dismiss be granted because Whiteford's claims were barred by the applicable statute of limitations, collateral estoppel, the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and prosecutorial immunity.  The District Court adopted this recommendation, granted the defendants' motions to dismiss, and subsequently denied Whiteford's motion for reconsideration.  This appeal followed.

II.

---

[1] Whiteford's complaint also alleged that the Code is preempted by Pennsylvania's Oil and Gas Act; that the civil and criminal actions against him were based upon perjury; and that the defendants' attorneys' attempts to collect fees and costs are "unconstitutional and unfair" because of the alleged Ex Post Facto violation.

We have jurisdiction. See 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2002). To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review the denial of the motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

### III.

On appeal, Whiteford does not contest the District Court's conclusion that his claims are barred by the statute of limitations and collateral estoppel. We thus deem these issues waived, as they are not raised in his brief. See FDIC v. Deglau, 207 F.3d 153, 169-70 (3d Cir. 2000). Consequently, there is nothing left of Whiteford's claims to adjudicate after invoking this waiver. In any event, we express our agreement with the District Court that his claims are barred by Pennsylvania's applicable two-year limitations period, as they all accrued, at the latest, by 2008. See 42 Pa. Cons. Stat. § 5524(2); see also Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations omitted). We also agree that collateral estoppel bars his claims, as they have been previously addressed, or could have been addressed, by either the District Court in his prior § 1983 action or by the state courts.[2] See Greenleaf v. Garlock, Inc., 174 F.3d 352, 357-58 (3d Cir. 1999).

---

[2] Moreover, as we explained in our prior opinion, the amended Code does not violate the Ex Post Facto Clause, as "each day that a violation continues after notice of violation has

4

Furthermore, the District Court did not abuse its discretion in denying Whiteford's motion for reconsideration, as his motion did not identify any of the three grounds required for reconsideration.  Lazaridis, 591 F.3d at 669.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.[3]

---

been served constitutes a separate offense."  Whiteford, 323 F. App'x at 164.

[3] Under the circumstances presented here, leave to amend need not have been allowed. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).